MENDOTA STATE BANK v. HELEN B. RILEY.[1]

October 14, 1938.

No. 31,738.

H. A. Irwin, for appellant.
Burton R. Sawyer and James O. Caulfield, for respondent.

HOLT, JUSTICE.

There was no motion for a new trial. The appeal is from the judgment.

The action is by the plaintiff to recover of defendant, its depositor, an overdraft of $414.13 arising because of the payment of 18 enumerated checks drawn by defendant upon plaintiff between September 10, 1934, and June 25, 1935, and delivered to the various payees named therein, and by the latter presented to plaintiff for payment,

[1]Reported in 281 N. W. 767.

and promptly paid as presented, the date of payment being stamped on the face of each check as paid.

The record discloses that defendant has been in the mercantile business at Savage, Minnesota, since 1933. In 1933 the only bank at Savage suspended. One Hammer was the cashier of plaintiff, in sole charge of its business, books, and records from the time defendant was solicited to become a depositor of the plaintiff in 1933 until the last of June, 1935, when he was discharged. He, as a witness, admitted he was short in his accounts. Defendant did not personally make the deposits in the bank. The mail was used both to make deposits and return to defendant the checks paid with the monthly statements at the end of each month. Plaintiff called defendant for cross-examination and elicited from her that she had received monthly statements of her account with plaintiff, showing the amounts of the deposits, the amount of checks paid or honored, the checks so paid indorsed by the payee, and the stamped date of payment; that she had never found the statements incorrect. She had a statement, introduced as exhibit A (not among the exhibits in the file) for June, 1935, showing an overdraft of $61.83. She admitted that she drew the 18 checks enumerated in the complaint, exhibits B to S inclusive, and delivered them to the respective payee named in each check, and expressed the belief that they had been paid when presented to plaintiff for payment. Plaintiff called Hammer and proved by him the correctness of exhibits T-1, T-2, and T-3, sheets from plaintiff's ledger showing its account with defendant as depositor. He testified that the entries as far as made up to July 1, 1935, were true and correct, admitted that the 18 checks, exhibits B to S inclusive, though paid and stamped paid by him, had not been charged to defendant's account, but had been placed in his bureau drawers in the bank, and that checks of other depositors had also been placed in this bureau without being charged against the proper depositors. In fact, he admitted that he had falsified the books of the bank in that he had not entered against the proper depositor the paid checks he placed in his bureau drawers. In order to prove the exact amount of overdraft created

by paying the 18 checks enumerated in the complaint, plaintiff offered exhibits T-1, T-2, and T-3. Exhibit T-3, the last ledger sheet of defendant's account, contained the entries charging her account with the 18 checks enumerated in the complaint, made by one Person, placed in charge of plaintiff after Hammer's discharge. In addition to these 18 checks, this exhibit T-3 contained (charged against defendant's account) six checks, exhibits U-2 to U-7, issued by her to the payees named, but not presented to plaintiff for payment until in July, 1935, when Person was in charge. These when presented were paid and stamped by him and duly charged against defendant. The court from the evidence offered found that plaintiff, between September 10, 1934, and June 25, 1935, drew the 18 checks referred to in the complaint on plaintiff bank in favor of various payees; that said checks were promptly presented to and paid by plaintiff bank; that they were not charged against her account until in July, 1935; that when so charged against her account an overdraft of $414.13 was created; that defendant has had the benefit of the payment and is indebted to plaintiff for that amount, for which judgment was awarded.

The assignments of error challenge the ruling admitting in evidence exhibits T-1, T-2, and T-3, and the other assignments are directed against the findings of fact.

When the said exhibits, the three ledger sheets, were offered, the defendant's objection was that the exhibits were "incompetent, irrelevant, and immaterial, with the admission of the witness they do not show the correct statement of the defendant's account. He said it's true and correct except certain conditions." The objection was overruled and defendant excepted. When the ruling was made defendant had already testified that the 18 checks, enumerated in the complaint, had been drawn by her on her account in plaintiff bank, and that she believed the several payees had presented their checks and had been paid. Mr. Hammer, in charge of plaintiff, was on the stand, and had testified as to the correctness of the exhibits mentioned as made by him, with this exception—that although he had paid each of the 18 checks, exhibits B to S, and

stamped them paid on their faces on the date of payment, he had placed all in his bureau drawers and had charged none against the defendant's account. On exhibit T-3 appear entries of these checks, made by Person, who took charge on Hammer's dismissal. So perhaps it would have been better practice to delay offering the entire exhibits until Person had testified. From all the testimony it appears clearly that the three ledger sheets show a true and accurate condition of defendant's account. And no prejudice resulted to her from the court's ruling. Defendant did not offer any proof that the overdraft claimed was too large.

As to the assignments of error challenging the findings of the trial court and its conclusion of law, we think them entirely without merit. Upon defendant's own testimony it is entirely plain that the plaintiff honored her 18 checks by which she paid her obligations in the sum of $479.99. Because Hammer wrongfully failed to charge her account with this amount is no reason why defendant should escape liability to the plaintiff bank for the money paid at her request. No other findings than those made could be made upon this record.

The judgment is affirmed.