## NIEMAN v. BETHLEHEM NAT. BANK.

### No. 311.

District Court, Eastern District of Pennsylvania.

Dec. 8, 1939.

Judgment Affirmed July 15, 1940.

See 113 F.2d 717.

H. P. McFadden, of Bethlehem, Pa., for plaintiff.

Mauch & Goodman and Russell C. Mauch, all of Bethlehem, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit by the receiver of an insolvent national bank to collect a stock assessment. At the time the assessment was made the stock was owned by the bank itself as trustee under the will of one Adam Brinker, who died in 1928.

The case is plainly one for a summary judgment for the plaintiff. A reading of the pleadings shows that there is no genuine fact issue in the case. The only facts in the plaintiff's complaint not expressly admitted are: (a) the Comptroller's finding of insolvency, taking possession of the bank and appointment of the first receiver; (b) the assessment and demand from the stockholders made by the Comptroller; (c) the notification of the trustee of the assessment and demand for payment on the part of the then receiver; and (d) the authorization of the Comptroller of the Currency to bring this suit. As to these facts, the defendant has apparently been rather careful not to draw his denials exactly in accordance with the requirements of Rule 8 (b) Rules of Civil Procedure for District Courts, 28 U.S. C.A. following section 723c. That rule provides that if the pleader is "without knowledge or information sufficient to form a belief as to the truth of an averment," he shall so state and this has the effect of a denial. The denials in the answer now before the Court simply aver that the defendant has no knowledge and therefore deny

the averment and, if material, demand proof. The defendant can say, with perhaps a semblance of truth, that he has no knowledge, meaning no direct, first hand knowledge, but he certainly could not say as to these matters of public record that he is without information sufficient to form a belief as to the truth of the averment relating to them. It may seem like a fine distinction, but it just enables the defendant and his attorney to avoid filing a patently false answer, and hence the propriety of a strict application of the rule. The answers are held to be insufficient denials. If they were substantially in compliance with Rule 8 (b), which they are not, I should be compelled to say that they contained palpably untrue statements and were not filed in good faith, and the ruling would still be that the answer is not effective to raise any genuine issue of fact. See Nieman v. Long, D.C., 31 F.Supp. 30.

As to the affirmative defense stated in Paragraph 7 of the answer, there is nothing averred which would prevent a judgment against the trust estate, although if the statute imposed any personal liability upon the original trustee (which it does not) the facts averred might be sufficient to relieve it. It will be noted that there is an averment that the account of the original trustee was confirmed absolutely as of course on July 22, 1937, but there is no averment that the account was audited. Confirmation of accounts, in counties not having a separate orphans' court, frequently takes place without audit. The account is not made part of the answer or attached to it, and while it is averred that "the trustee did not claim credit for an assessment of $44,-000", etc., on account of the bank stock, it is not averred that the account as filed did not show that the trust was liable for that amount. Of course, the trustee could claim credit for it only in the event that he had paid it. As a matter of fact, the Court is advised by counsel that the trustee did set up liability for the assessment in the account. Consequently it was carried over and is still attached to the trust estate in the hands of the substituted trustee.

Apart from this, however, the decision of the Supreme Court in Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 156, 81 L.Ed. 133, makes it clear that probate court proceedings which result in the discharge of the assets in the hands of a fiduciary from liability from stock assessment, do not in any way prevent a suit at law by the receiver being brought and carried to judgment. In that case, the receiver presented his claim to the executor through probate court procedure and found that he was too late to share in the assets of the estate; but Mr. Justice Roberts said in the opinion, "He might have sued in a federal court. * * * While he may not be denied his right to prosecute an action to judgment or a suit to final decree in the federal court, such judgment or decree can do no more than adjudicate the validity and amount of his claim. * * * Thus, though a receiver should resort to the United States District Court he would need to present, in a probate court, any judgment obtained, if he desired payment from the assets under the control of the latter." In other words, there is a plain difference between the establishment of the claim in the federal courts and its enforcement in the probate court. This case has to do only with the former, and even if the answer showed plainly (which it does not) that the receiver could not collect this assessment from the trust assets because of their discharge from liability by the confirmation of the original trustee's account, that would not be sufficient to prevent the entry of judgment in this case.

Judgment may be entered for the plaintiff in the amount claimed with interest.