## REED v. TURNER.
### No. 1439.
District Court, E. D. Pennsylvania.
July 10, 1941.

Thomas J. Minnick, Jr., of Philadelphia, Pa., for plaintiff.

Kenneth Souser, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The complaint sets up two claims against the defendant, who was a stockholder in a defunct national bank, the first upon a stock assessment and the second upon a promissory note.

As to the first, there is no defense asserted, and the attempt to put the plaintiff to proof as to certain facts material to his claim are obviously not in good faith. For example, for a defendant who is a stockholder in a bank which also holds his note to aver that he is without knowledge or information sufficient to form a belief as to the truth of the averments that the bank suspended payment in 1933, never reopened, and is in the hands of a receiver, is patently false. This Court has emphatically disapproved the practice of attorneys making use of the pro forma denials authorized by the new Rules, 28 U.S.C.A. following section 723c, where the matter is one of common knowledge or one as to which the party can inform himself with the slightest effort. The effect and purpose is merely to delay justice.

As to the claim on the note; the answer states that the note was given without consideration. Under the simplified system of pleading established by the new Rules, I believe that this sufficiently raises the issue, and that I cannot enter judgment on the pleadings. The case on this point invites a motion for summary judgment.

As to the set-off claimed by reason of the fact that the plaintiff has paid interest on the note over a period of six years to a total amount in excess of the stock assessment, the allegations are insufficient to entitle the defendant to have these payments set off against his liability on the stock assessment. Rule 9(b) provides that in all averments of mistake the circumstances constituting the mistake shall be stated with particularity. There is no attempt to comply with this rule. Consequently the claim for set-off will be disregarded in this proceeding.

Judgment may be entered in favor of the plaintiff and against the defendant in the amount of $1,500 with interest from November 5, 1934. As to the balance of the claim, the motion for judgment on the pleadings is denied.