**REED v. HICKEY et al.**
Civil Action No. 1294.

District Court, E. D. Pennsylvania.
July 29, 1941.

Samuel E. Kratzok, of Philadelphia, Pa., for plaintiff.

Morton P. Rome, of Philadelphia, Pa., for defendant Hickey.

Joseph M. Price, of Philadelphia, Pa., for defendant Secretary of Banking.

KIRKPATRICK, District Judge.

As to all the averments essential to establishing the plaintiff's cause of action, the answer of the Secretary of Banking either admits them or answers that they are "neither admitted nor denied, but proof thereof is demanded if material." This is an insufficient denial under the Rules. 28 U.S.C.A. following section 723c. Of course, the Secretary of Banking could not and would not say that he was without information sufficient to form a belief as to such matters of public knowledge as the closing of the Sixth National Bank (of which he was a stockholder), the appointment of successive receivers, etc. But nothing less than that will raise an issue, and put the plaintiff to proof. Judgment may be entered for the plaintiff against the Secretary of Banking for $1,000 with interest as claimed.

Judgment may also be entered for the plaintiff against the defendant, James F. Hickey. "* * * The receiver of a national bank has a right to proceed against both the record and actual owner of the shares of stock in an attempt to collect the liability thereupon imposed. * * * A judgment against either and a satisfaction, of course, would constitute a bar to a judgment against the other. A partial satisfaction would constitute a bar pro tanto." Ericson v. Slomer, 7 Cir., 94 F.2d 437, 441. Thus, until satisfaction, there may be two judgments.

On Hickey's "cross-claim" or third party complaint against the Secretary of Banking, the Secretary's motion for judgment on the pleadings is denied. The only substantial ground for this motion is the matter of jurisdiction. It is true that this Court in one or two earlier cases (decided before the Rules came into effect) ruled against jurisdiction in a similar situation. However, since the Rules, the question has been considered in a number of jurisdictions, and I think that the weight of authority, and the better rule, is that a third party complaint is to be considered ancillary to the main suit. The allowance of the joinder is discretionary, and in most cases makes for simplification of the proceedings.

Orders for judgment in accordance with the foregoing may be submitted.