## ICE PLANT EQUIPMENT CO. v. MARTOCELLO.

### No. 9745.

District Court, E. D. Pennsylvania.

Dec. 18, 1941.

Leonard L. Kalish, of Philadelphia, Pa., for plaintiff.

Busser & Harding, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The relief asked for is: (1) A declaratory judgment as to the validity and infringement of sixteen patents owned by the defendant, which, the complaint avers, have been the subject of warnings and threats

on the part of the defendant directed against the plaintiff, his distributor, and the trade generally; (2) a decree against the defendant for unfair trade competition; (3) triple damages under the Anti-Trust Laws. An answer has been filed, together with a counterclaim, and motions by both parties are now before the Court.

### Sur Defendant's Motion to Dismiss.

■ As to twelve of the sixteen patents, the defendant asserts that no controversy exists and moves to dismiss as to them. The defendant wrote letters to both the plaintiff and its distributor. In his letter to the plaintiff he said: "We have obtained a copy of your Catalog and note that you have not hesitated to boldly feature our *patented* product, and particularly wish to refer you to the following *patents* which we own:" listing all sixteen patents. In the letter to the distributor he said: "We have obtained a copy of your Catalog and note that you have not hesitated to boldly feature our *patent* product in practically the entire catalog, and therefore we wish to inform you that unless you cease supplying this material to the trade we will bring suit against you for damages. * * * For your records we are giving you below a list of our Patents: (listing all sixteen patents) * * * you will be liable for any infringement on the above patents, * * *" There were other letters, and notices printed in trade periodicals warning users and manufacturers against infringement, particularly adverting to prosecution, injunction, and loss of profits. I do not agree that the subsequent correspondence between the plaintiff and the defendant resulted in boiling down, defining and limiting the controversy to the four patents as to which its existence is conceded. In addition the relations of the parties with regard to the patent issue must be taken in the light of the defendant's refusal to admit or concede the plaintiff's assertion made in the complaint and at the argument that it is not infringing any of the twelve patents as to which the defendant claims no controversy exists.

■ It is true that in the recent decision of the Circuit Court of Appeals in Treemond Co. v. Schering Corporation, 3 Cir., 122 F. 2d 702, the issue was more clean cut, inasmuch as that case involved a specific patent and a specific product. I think, however, that the principles and the policy announced in the opinion in that case are quite broad enough to support a suit for declaratory judgment in a case like the present.

The defendant's motion to dismiss as to the twelve patents is denied.

### Sur Motion to Dismiss Cause of Action for Unfair Competition.

■ Denied, on the authority of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

### Sur Motion to Dismiss as to Patents 1,783,807 and 1,994,226 Admitted to be in Controversy.

Denied.

I am of the opinion that the judgment in the suit in Alabama is not res judicata as to the present litigation.

### Sur Plaintiff's Motion for Leave to Amend Bill of Complaint.

The amendment is allowed.

### Sur Plaintiff's Motion for Partial Summary Judgment or, in the Alternative, Partial Decree Pro Confesso and to Strike Part of Defendant's Answer.

This motion is based upon the plaintiff's contention that the defendant's answer to Paragraph 5 of its complaint is not an effective denial.

The complaint is, "Plaintiff's products and equipment do *not* infringe any claim of any of the aforesaid patents which have been asserted by defendant against plaintiff's products and equipment." The corresponding paragraph of the answer is: "Defendant denies the allegations of Paragraph 5 with respect to the United States Patents mentioned in Paragraphs 2 and 3 hereof and avers that he does not have any information with respect to whether or not Plaintiff infringes any or all of the other patents included in Paragraph 5 of the amended Bill of Complaint and, therefore, cannot herein either admit or deny the allegations of Paragraph 5 with respect to such other patents."

■ ■ Rule 8(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, specifically authorizes a response of this kind and provides that it shall have the effect of a denial. The rule provides no exceptions. This Court, however, has held in several cases that the rule does not apply if the fact as to which want of knowledge is asserted is to the knowledge of the Court so plainly and necessarily within the defendant's knowledge that his averment of

ignorance must be palpably untrue. In such case the resort to the formal denial is plainly in bad faith and for the mere purpose of delay. Reed v. Turner, D.C., 2 F.R.D. 12; Reed v. Hickey, D.C., 2 F.R.D. 92; Nieman v Bethlehem Nat. Bank, D.C., 32 F.Supp. 436; Nieman v. Long, D.C., 31 F.Supp. 30. Those, however, were very plain cases. They had to do with assertions by a stockholder of a bank such as that he had no knowledge of whether the bank had closed and been taken over by the Comptroller of the Currency, and similar matters. There could not be the slightest question that the denials in those cases were made in bad faith. I do not reach any such conclusion in the present case. It cannot be said that infringement of a patent can be so plainly within the knowledge of the patent owner that his answer of want of knowledge as to the fact is necessarily in bad faith.

This ruling disposes of all of the above motions by the plaintiff. Paragraph 5 of the defendant's answer will be taken as an effective denial by the defendant of the plaintiff's statement that it does not infringe.

The motions are denied.