## LIPSON et al. v. INTERSTATE HOME EQUIPMENT CO., Inc.

### No. 3553.

District Court, E. D. Pennsylvania.

Nov. 8, 1944.

956

Sol Spiegel, of Philadelphia, Pa., for plaintiffs.

Cornelius C. O'Brien and Henry Temin, both of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

Following their bill in equity seeking preliminary and permanent injunctions against the use by defendant, an Ohio corporation, of its name "Interstate Home Equipment Co., Inc.," plaintiffs filed this Motion for Summary Judgment.

Having given careful consideration to plaintiffs' motion, I am of the opinion it must be denied.

With respect to summary judgments, the rule is well settled as stated in Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1018: "It is now well settled that summary judgment may be entered for either party if the pleadings, depositions, admissions on file and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Civil Procedure Rule 56. Stated conversely, *a substantial dispute as to a material fact forecloses summary judgment.* McElwain v. Wickwire Spencer Steel Co., 2 Cir., 1942; 126 F.2d 210; Miller v. Miller, 1941, 74 App.D.C. 216, 122 F.2d 209; Whitaker v. Coleman, 5 Cir., 1940, 115 F.2d 305. Upon a motion for a summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Ramsouer v. Midland Valley R. Co., D.C.Ark., 1942, 44 F.Supp. 523. *All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.* Weisser v. Mursam Shoe Corporation, 2 Cir., 1942, 127 F.2d 344 [145 A.L.R. 467]." (Emphasis supplied.)

Moreover, in the case of a motion for summary judgment where injunctive relief is sought, it seems to me the court should be slow to summarily preclude the defendant. Cf. Ross v. Neuville, D.C., E.D. N.Y. 1940, 34 F.Supp. 467.

In the instant case, defendant is entitled to have plaintiffs prove the allegations of fact in the bill upon which they seek to establish the exclusive right to their name, "Interstate Home Equipment Co.", and also it is entitled to the opportunity to defend itself on the charge of infringement.

It must be noted that the case of Kay Dunhill, Inc. v. Dunhill Fabrics, Inc., D.C., S.D.N.Y., 1942, 44 F.Supp. 922, cited by plaintiffs, went to trial. In Nieman v. Bethlehem National Bank, D.C., E.D.Pa., 1940, 32 F.Supp. 436, Judge Kirkpatrick specifically stated that there was no general fact issue in the case. The defendant there did not admit certain facts, but rather denied knowledge; those facts, however, were matters of public record. In the instant case, even though defendant admitted the matters which are claimed to be of public record, but concerning which defendant asserts in its answer that it has no knowledge, there would still remain further important issues of fact to be proved. Even if Paragraphs 1 and 4 of the bill were admitted, questions of fact would remain, since all accusations of infringement are specifically denied. Finally, the allegations of fact contained in Paragraphs 5 and 6 of the bill are, in effect, denied by operation of Rule 8(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c: this is not controverted by plaintiffs.

An order may be submitted in accordance with this opinion.