## FONTES v. PORTER.

### No. 11239.

Circuit Court of Appeals, Ninth Circuit.
July 29, 1946.

Waldo F. Postel, of San Francisco, Cal., for appellant.

George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief, Appellate Branch, and Abraham H. Maller, Sp. Appellate Atty., Office of Price Administration, all of Washington, D. C., and Herbert H. Bent, Regional Litigation Atty., Office of Price Adm'r, of San Francisco, Cal., for appellee.

Before MATHEWS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment awarding damages in a suit by the Administrator for a violation of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.

Appellant, a seller of used machine tools, filled an order for a lathe and chuck. He orally guaranteed the lathe, but the guaranty was not entered on the purchase order. After delivery he serviced the lathe without charge, as is customary in the case of a guaranteed tool, and later made a written report to the Administrator stating that the tool had been sold as a rebuilt and guaranteed machine. The judgment entered on the trial was for treble the amount of the price charged in excess of that fixed for a non-guaranteed lathe of the same age.

■ The point is made that the Administrator, in order to maintain the suit, must show that the sale was to a purchaser for use in trade or business; and it is complained that there was neither proof nor finding to this effect. The contention lacks merit. The complaint alleged that none of the purchases "was made for use or consumption other than in the course of trade or business." The allegation was not denied in the answer, and accordingly must be taken as admitted. Rule 8(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Neither proof nor finding is requisite in respect of uncontested issues. Aside from this, evidence introduced by appellant indicates that the sale was to a purchaser for use in the course of business.

■ Appellant argues that although there was not written guaranty, the tool was in fact guaranteed, and that the letter of the regulation should not have been applied. We think otherwise. Maximum Price Regulation No. 1, governing sales of used machine tools, establishes two general categories, namely, "tools rebuilt and guaranteed" and "tools in other condition." Prices are fixed at a percentage of the price of the nearest equivalent machine tool and are substantially higher if the tool comes within the classification "rebuilt and guaranteed." Section 3(c) of the regulation painstakenly defines the term "rebuilt and guaranteed." Four restrictions are enumerated, numbers (3) and (4) of which provide that the term applies only to a machine tool which carries a binding written guaranty of satisfactory performance for a period of not less than 30 days from the date of shipment, and is expressly invoiced as a rebuilt machine tool or its equivalent and as having been guaranteed for satisfactory operation for 30 days.

958

Neither of these requirements was met by appellant. In the absence of compliance he was not entitled to take advantage of the price permitted for rebuilt and guaranteed tools. A holding otherwise would encourage equivocation and evasion.

■ Appellant says that his good faith in the transaction should be taken into account. Good faith, however, is not a defense to an action for damages. Lack of willfullness, · coupled with the taking of practicable precautions against the occurrence of a violation, operates only to reduce damages to the amount of the overcharge. Consult § 205(e). Appellant did not plead the partial defense afforded by § 205(e) nor did he attempt to bring himself within its provisions. Cf. Bowles v. Glick Bros. Lbr. Co., 9 Cir., 146 F.2d 566, 571, 572. His claim below and here is merely that no damages at all were assessable.

Affirmed.