## FLEMING v. HANSCOM et al.
### No. 11420.

Circuit Court of Appeals, Ninth Circuit.
June 11, 1947.

---

George Moncharsh, David London, Albert M. Dreyer, and Abraham H. Maller, all of Washington, D. C., and William B. Wetherall, of San Francisco, Cal., for appellant.

Merritt, Summers & Bucey and Roscoe Krier, all of Seattle, Wash., for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment dismissing an action against appellees, Dorothy Hanscom and R. C. Hanscom, under § 205 (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e). The action was brought by Chester Bowles, Price Administrator. While it was pending in the court below, Paul A. Porter succeeded Bowles as Price Administrator and was substituted as plaintiff in his place and stead. The appeal was taken by Administrator Porter. Thereafter Philip B. Fleming, Temporary Controls Administrator, was substituted as appellant in Administrator Porter's place and stead. The facts are as follows:

Appellees were, at all pertinent times, retailers of women's and girls' outerwear garments in Seattle, Washington. They commenced doing business in December, 1943. They thereupon became, and were until September 18, 1944, subject to MPR 330.[1] Pursuant thereto, they adopted as theirs the pricing chart and ceiling prices of their nearest competitor, Best's, Incorporated.

On September 13, 1944, Administrator Bowles issued RMPR 330,[2] effective September 18, 1944. Copies of two letters dated September 14, 1944, and October 7, 1944, were received by appellees from the Seattle District Office of the Office of Price Administration on September 15, 1944, and October 8, 1944. Except as to their dates, these letters were identical. Each was addressed "To All Dealers in Women's, Misses' and Children's Outerwear Garments." Each was signed "Reed C. Mills, District Price Executive, by Ruth Sollie, Apparel Section." Each read as follows:

"Revised Maximum Price Regulation No. 330, which governs the maximum prices to be charged for women's, children's and misses' outerwear garments, has just been issued and is effective September 18, 1944.

"According to this revised Regulation, it is necessary that you file two signed copies of the pricing chart, which you have previously prepared in conformance with Maximum Price Regulation No. 330, with the District Office of the Office of Price Administration, 3312 White Building, Seattle, Washington, by October 15, 1944. You must keep a copy of the pricing chart for your own use. On and after November 15, 1944, you may not sell any garments subject to this Regulation unless you have received an acknowledgement from the OPA of the filing of your pricing chart.

"A copy of this revised Regulation will be sent to you by your local OPA Board as soon as they receive their supply."

As applied to appellees, the statement that, "According to this revised Regulation, it is necessary that you file two signed copies of the pricing chart, which you have previously prepared in conformance with Maximum Price Regulation No. 330," was incorrect. Appellees were required by RMPR 330 to prepare and file a new pricing chart—a pricing chart based on prices at which they delivered garments during their base period.[3] Their first delivery having

---

[1] Maximum Price Regulation 330, 8 F. R. 2209, 4732, 11041, 16060, 16426.

[2] Revised Maximum Price Regulation 330, 9 F.R. 11350.

[3] See §§ 2, 3 and 4 of RMPR 330.

been made after October 1, 1942, and before May 18, 1944, their base period was the first four months immediately following their first delivery.[4] During that period, they delivered garments at prices lower than their adopted ceiling prices. Hence a pricing chart prepared by them in conformity with RMPR 330 would have shown ceiling prices lower than their adopted ceiling prices.

Instead of preparing and filing a pricing chart in conformity with RMPR 330, appellees, relying on the incorrect statement quoted above, filed with the Seattle District Office two copies of their adopted pricing chart[5] and believed that their adopted ceiling prices were still their correct ceiling prices. Actually, their correct ceiling prices on and after September 18, 1944, were the lower ceiling prices which a pricing chart prepared in conformity with RMPR 330 would have shown.[6]

RMPR 330 was published in the Federal Register on September 14, 1944. Copies thereof were available to appellees on and after October 15, 1944. Appellees, however, continued to rely on the incorrect statement quoted above.

Between January 22, 1945, and December 22, 1945, appellees, still relying on the incorrect statement quoted above, sold and delivered garments at prices which were not above their adopted ceiling prices, but were above their correct ceiling prices, thereby violating RMPR 330.[7] The resulting overcharges amounted to $714.01. This action[8] was commenced on January 22, 1946. Appellees contended that, because what they did was done in reliance on the incorrect statement quoted above, the Administrator was thereby estopped from prosecuting this action. The court below agreed with appellees. Hence the judgment here appealed from.

■ As indicated above, the statement relied on by appellees was made in the letters of September 14, 1944, and October 7, 1944, both of which were signed "Reed C. Mills, District Price Executive, by Ruth Sollie, Apparel Section." The statement was an interpretation of RMPR 330—an incorrect interpretation. It was unofficial, as well as incorrect, for neither Mills nor Sollie was empowered to give an official interpretation.[9] Appellees were not entitled to rely on an unofficial interpretation, nor was the Administrator thereby estopped from prosecuting this action.[10]

---

[4] See § 2(c) of RMPR 330.

[5] Receipt of these copies was acknowledged by the Seattle District Office in a letter to appellees dated October 14, 1944, reading as follows:

"We hereby acknowledge the receipt of two copies of the pricing chart which you have filed under Section 3 of Revised Maximum Price Regulation No. 330.

"This acknowledgment is not to be considered as an approval of the factual or mathematical accuracy of the information on the pricing chart. Even though you have filed these figures, if they are incorrect, you are not permitted to take a higher percentage markup than that authorized by Revised Maximum Price Regulation No. 330. However, if you find that your pricing chart is incorrect, you may file an amended pricing chart setting forth the inaccuracies.

"If you file an amended pricing chart, you are not permitted to take a higher percentage markup than that previously reported, or permitted under Revised Maximum Price Regulation No. 330, whichever is lower, until you have received an acknowledgment from this office

of the receipt of the amended pricing chart."

[6] See the note in § 3(a) (8) of RMPR 330.

[7] See § 9(a) of RMPR 330.

[8] The action was for treble damages, but while it was pending in the court below, the parties stipulated that "the alleged overcharges, if any, amount to $714.01;" that "said overcharges, if any, were not wilfully made or made through failure to exercise due precautions;" and that, "in the event the defendants [appellees] are found to have made the said overcharges * * * plaintiff [Administrator Porter] shall ask for judgment in the sum not to exceed $714.01."

[9] See §§ 1300.54 and 1300.55 of Revised Procedural Regulation 1, 9 F.R. 10476, 32 CFR, 1944 Supp., §§ 1300.54, 1300.55.

[10] Wells Lamont Corp. v. Bowles, Em. App., 149 F.2d 364; Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597; Bowles v. Lentin, 7 Cir., 151 F.2d 615; Schreffler v. Bowles, 10 Cir., 153 F.2d 1; Bowles v. Mannie & Co., 7 Cir., 155 F.2d 129; Mechanical Farm Equipment Distributors v. Porter, 9 Cir., 156 F.2d 296.

It was conceded that appellees' violation of RMPR 330 was neither wilful nor the result of failure to take practicable precautions against its occurrence.[11] That, however, was not a defense, but served only to reduce the damages to the amount of the overcharges[12] ($714.01). There should have been a judgment for that amount, with costs.

Reversed and remanded for entry of judgment in accordance with this opinion.

[11] See footnote 8.

[12] See § 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e); Fontes v. Porter, 9 Cir., 156 F.2d 956.