259 P.2d 791

**BANK OF NEW MEXICO v. PINION et al.**

No. 5577.

Supreme Court of New Mexico.

July 24, 1953.

Dale B. Dilts, Albuquerque, for appellants.

Allen M. Tonkin and Joseph T. Cole, Jr., Albuquerque, for appellee.

SADLER, Chief Justice.

The defendants, as appellants, complain before us of a judgment rendered against them upon motion for judgment on the pleadings. It becomes important, then to give a brief summary of the allegations of the complaint and the material grounds of the motion directed against portions thereof.

It discloses the plaintiff, the appellee, is a corporation organized under the laws of New Mexico engaged in the banking business in Albuquerque; and that on April 9, 1951, the defendants opened a joint account in the plaintiff bank. Thereafter, they made deposits in and drew checks upon the bank account as per statement attached to the complaint as an exhibit and made a part thereof by reference, covering the period from April 9, 1951, to October 16, 1951, when the account showed an overdraft of 50 cents. The complaint went on to say that on June 6, 1951, a deposit was made in the plaintiff bank in the sum of $197.43, as shown by a deposit slip, copy of which was attached as an exhibit and made a part of the complaint. The amount of the deposit was intended for credit to the account of another depositor, to-wit, Pinion Nut & Candy Co., Inc., a corporation, but mistakenly was placed to the credit of defendants' account.

Subsequently, the mistake having been discovered by the plaintiff, the amount of the deposit erroneously credited to defendants' joint account was charged to that account, resulting in an overdraft in it in the amount of $194.38. Still later, on October 16, 1951, and in order to wipe out the overdraft of defendants and balance the account, the plaintiffs credited defendants' joint account with $195.78. However, and due to a small debit item coming in, it fell short by 50 cents of balancing the account and left a small overdraft in the amount of the debit item mentioned.

The transactions mentioned, the complaint went on to say, left the defendants

indebted to plaintiff in the amount so credited to the joint account of defendants plus the 50-cent overdraft still shown after credit of $195.78 on October 16, 1951, as aforesaid. The prayer was for judgment against defendants for the amount just mentioned. The defendants filed a motion to make more definite and certain two paragraphs of the complaint, Nos. 7 and 8, as being vague and ambiguous which the trial court overruled upon hearing argument thereon. After entry of this order the defendants filed an answer which, upon plaintiff's motion for judgment on the pleadings, was held to present no facts issues for determination by the court. Accordingly, judgment was rendered against defendants for $196.28 and this appeal has followed.

The motion to make more definite and certain interposed by defendants to portions of the complaint, so far as material, reads as follows:

"Come now the Defendants, William N. Pinion and Ann L. Walker, by their attorney, Dale B. Dilts, and prior to filing any answer in this cause of action, move the Court for a more definite statement to make clear the vague and ambiguous paragraphs seven (7) and eight (8) of the complaint herein because the said paragraphs indicate the Defendants' account was credited to balance said account and to wipe out the overdraft, yet in paragraph seven (7) and in Plaintiff's Exhibit A

the Plaintiff alleges that there was still remaining an overdraft in the amount of $.50 * * *."

Argument on the motion was heard, as already shown, and it was denied in an order reading, as follows:

"The above entitled matter coming on this day for hearing, upon the motion filed herein by the defendants for a more definite statement and for the dismissal as to the defendant Ann L. Walker, the court having considered the same and the argument of counsel and being fully advised herein:

"It Is By The Court Ordered That The Motion be, and the same hereby is denied in whole, and the defendants are hereby given ten days within which to file an answer herein."

Thereupon, and on the last day for answering under the extension therefor granted in the order, the defendants filed their so-called "Answer," reading:

"I. That the Complaint does not state a cause of action upon which relief can be granted.

"II. Defendants admit the allegations of paragraph I of the Complaint.

"III. Defendants admit that there was an account with the Plaintiff bank entitled William N. Pinion and Ann L. Walker.

"IV. Defendants neither admit nor deny the remaining allegations of the Complaint but demand the strictest proof thereof."

In due season the plaintiff moved for judgment on the pleadings, stating as grounds of the motion:

"(1) That the plaintiff filed its complaint herein stating the cause of action asking for judgment against the defendants, William N. Pinion and Ann L. Walker, in the total amount of One Hundred and Ninety-six and 28/100ths ($196.28) Dollars.

"(2) That the defendants have filed their answer herein and that the pleadings herein are closed.

"(3) That the defendants have not denied any of the material allegations of the plaintiff constituting its cause of action, as a consequence of which no issue has been raised requiring proof by the plaintiff."

The paragraphs 7 and 8 of the complaint thus sought to be clarified, as defendants claim, followed a background of allegations setting forth all that had transpired in regular sequence of events up to October 16, 1951, the date mentioned in paragraph No. 7, read as follows, to-wit:

"7. That on October 16, 1951, in order to balance its account, and to wipe out the over draft of the defend-

ants, the plaintiff credited to defendants' account the amount of $195.78, but which credit still left an over draft in the amount of $.50.

"8. That the credit or deposit in the amount of $195.78 shown in the statement of the account of said defendants under date of October 16, 1951, was not made by the defendants, but as above stated was merely credited by said plaintiff in order to remove the over draft of the defendants."

Under his first claim of error, counsel for defendant says the court erred in denying his motion to make more definite and certain. He quotes a portion of 8(c) of Rules of Civil Procedure relating to the pleading of affirmative defenses which provides that in pleading to a preceding pleading, "a party shall set forth affirmatively accord and satisfaction, " etc. This is followed by the quoting a portion of Rule 12(e), reading:

"Motion For More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. * * *"

How, inquires counsel, may defendants plead "accord and satisfaction," "estoppel," "payment," "release," as authorized by

Rule 8(c) unless the plaintiff be compelled to clarify the vagueness and ambiguity in these two paragraphs? We think this inquiry is adequately answered by counsel for plaintiff when they invite an examination of the allegations of the complaint in the light of information shown on the two exhibits, "A" and "B" attached to it. The former is an itemized day to day record of defendants' joint account showing all credits and debits from the time it was opened until closed, as shown on the ledger sheet, including the entry wiping out, save as to a small debit item of 50 cents, the overdraft by a credit entry; and the latter, exhibit "B", being copy of the original deposit slip of Pinion Nut & Candy Co., Inc., showing that the item of $197.43 was not intended for credit to defendants' account, but was mistakenly placed there. Indeed, counsel for defendants admits at one point in his brief defendants are not uninformed as to what it is all about, when he states:

"Because of the certain respect due the bank statement attached to the complaint and because the said statement outlines each transaction in detail these Defendants are not willing to say they are not informed yet they feel that the Plaintiff should prove his case, if any."

■ While considerable space is taken up in citing and quoting from numerous authorities, mainly federal, in an effort to convince us the trial court did, or did not err, in ruling on the motion to make more definite and certain, we find it unnecessary to cite authority on a proposition so simple, or a conclusion so inevitable, as that defendants were fully informed of the basis, nature and purpose of plaintiff's cause of action. The claimed error of the trial court in denying the motion to make more definite and certain is without merit.

The correctness of the judgment is next assailed on the ground that the court erred in holding that the complaint states a cause of action upon which relief can be granted. It is said plaintiff lacks a justiciable interest because it has suffered no loss; that possibly the depositor, Pinion Nut and Candy Co., Inc., could sue but not the plaintiff. Hence, no indebtedness to the plaintiff is shown. Counsel for defendants closes his argument on this point by the final observation:

"So the Defendants contend that the bookkeeping transactions of the complaint do not allege the ultimate fact necessary to make out a cause of action, the fact being that the Plaintiff suffered damages as a result therefrom."

■ Basically, this question is resolved by asking ourselves whether a bank may sue to recover an overdraft. We think there can be no doubt about this right in a bank. See, 9 C.J.S., Banks and Banking,.

§ 353(b), page 703; 7 C.J., 682, Sec. 410; Bank of Benson v. Swanson, 107 Neb. 687, 187 N.W. 88; Miller's Ex'x v. Peoples Bank, 240 Ky. 185, 41 S.W.2d 1096. Compare, Mendota State Bank v. Riley, 203 Minn. 409, 281 N.W. 767.

We may consider together the defendants' Points 3 and 4, as both relate to the trial court's construction of the pleadings. It is to be recalled that the only denial, if any, to be found in the answer filed reads, as follows:

"Defendants neither admit nor deny the remaining allegations of the Complaint but demand the strictest proof thereof."

The pertinent inquiry thus arises: Does this language put at issue any material facts alleged in the complaint? The answer is, it does not. The position of the parties is aptly expressed by counsel for the plaintiff, as follows:

"Appellants suggest that if they didn't 'admit' they certainly must have 'denied.' Conversely the appellee now suggests that if they didn't 'deny' they certainly must have 'admitted.'"

The pertinent language of Rule 8(d) reads:

"Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

In Reed v. Hickey, D.C., 2 F.R.D. 92, dealing with the very question of the sufficiency of such a denial as this, the court said:

"(1) As to all the averments essential to establishing the plaintiff's cause of action, the answer of the Secretary of Banking either admits them or answers that they are 'neither admitted nor denied, but proof thereof is demanded if material.' *This is an insufficient denial under the Rules.* 28 U.S. C.A. following section 723c. Of course, the Secretary of Banking could not and would not say that he was without information sufficient to form a belief as to such matters of public knowledge as the closing of the Sixth National Bank (of which he was a stockholder), the appointment of successive receivers, etc. *But nothing less than that will raise an issue, and put the plaintiff to proof.* Judgement may be entered for the plaintiff against the Secretary of Banking for $1,000 with interest as claimed." (Emphasis ours.)

In Mahanor v. United States, 192 F.2d 873, 876, the Circuit Court of Appeals for the 1st Circuit considered the question and ruled against the sufficiency of such a denial as this one. It said:

"As previously stated the complaint alleged that the two defendants 'were

the landlords of the premises' in question. Defendant Della did not flatly admit this allegation as did her husband, but the answer recited that the defendant Della 'neither admits nor denies the truths of the allegations of this paragraph and demands that the plaintiff prove said allegations.' Rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that if a defendant is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Defendant Della did not couch her answer in this form, as obviously she must have known whether she joined in executing the lease or not. Therefore, her answer must be taken to have admitted the allegation of the complaint that she was one of the landlords of the premises, for Rule 8(d) provides that averments in a pleading to which a responsive pleading is required 'are admitted when not denied in the responsive pleading.' Reed v. Hickey, D.C.E.D.Pa.1941, 2 F.R.D. 92; 1 Barron & Holtzoff, Federal Practice and Procedure 493 (1950); 2 Moore, Federal Practice 1674 (1948)."

Upon examining the pleadings in ruling on the motion for judgment thereon, the trial judge evidently concluded the motion to make more definite and certain and the answer were frivolous and interposed for delay only. We are unable to rid ourselves of the same conclusion. The judgment will be affirmed.

It is so ordered.

McGHEE, COMPTON and LUJAN, JJ., concur.

SEYMOUR, J., not participating.