The **UNITED STATES** of America, for the Use of "AUTOMATIC" SPRINKLER CORPORATION OF AMERICA, Plaintiff-Appellant,

v.

**MERRITT–CHAPMAN & SCOTT CORPORATION**, Fidelity and Deposit Company of Maryland, et al., Defendants-Appellees.

No. 13773.

United States Court of Appeals Third Circuit.

Argued March 8, 1962.

Decided June 29, 1962.

Joseph P. Brennan, Scranton, Pa. (Laurence E. Oliphant, Jr., of Squire, Sanders & Dempsey, Cleveland, Ohio, on the brief), for plaintiff-appellant.

John W. Bour of O'Malley, Morgan, Bour & Gallagher, Scranton, Pa., James A. Gallagher of Manning, Hollinger & Shea, New York City, Charles H. Welles, 3rd, of Welles & Mackie, Scranton, Pa., for defendants-appellees.

Before STALEY, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This appeal is from a judgment for the defendants, and from the denial of a motion for a new trial, in an action on a payment bond furnished pursuant to Section 1 of the Miller Act, 40 U.S.C.A. § 270a. The judgment is predicated solely on the determination that the "plaintiff * * * failed to prove its compliance with the Act." We are of the opinion that the trial court erred.

The United States of America entered into a contract with the defendant Merritt-Chapman & Scott Corporation for the construction of buildings, the installation of utility systems, and other work in connection therewith, at the Signal Corps Depot, Tobyhanna, Pennsylvania. The contract provided that materials supplied and work performed were to be in accordance with the plans and specifications. Pursuant to the pertinent provisions of the Act, supra, the said defendant furnished the customary payment bond on which the other defendants named in this action are sureties.

A subcontract was let to one Frederick J. Raff (Frederick Raff Company), who entered into a subcontract with the plaintiff for the installation of an automatic sprinkler system at a cost of $305,000.00. The plaintiff thereunder agreed "to furnish all material and labor for all work * * * in accordance with the general conditions, plans, and specifications" embodied in and made a part of the prime contract. The prime contract was made a part of the subcontract by specific reference.

While the construction work was in progress, and as the result of an authorized revision of the specifications and drawings, a written change order issued. It appears from the evidence that the change order effected a modification of the existing contracts, a modification permissible under the general conditions of the prime contract. The said order required, in addition to other work, the installation of a "water flow alarm detection system." The plaintiff, at the direction of Raff, and pursuant to correspondence which passed between them, undertook the performance of the additional work covered by the revised specifications and drawings. The plaintiff supplied the materials and furnished the labor as required under its subcontract and the modifications thereof.

When Raff failed to pay the balance allegedly due under the subcontract as modified, the plaintiff served upon the defendant Merritt-Chapman & Scott Corporation a written notice and request for payment. There is no dispute here as to the sufficiency of the notice; in fact, the trial court found the notice adequate. When the said defendant failed to honor the request for payment, the plaintiff brought this action under Section 2 of the Act, 40 U.S.C.A. § 270b.

The pertinent provisions of Section 2 are as follows:

"Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished * * * and who has not been paid in full therefor before the expiration of a period of ninety days after the day

on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor BUT NO CONTRACTUAL RELATIONSHIP EXPRESS OR IMPLIED WITH THE CONTRACTOR furnishing said payment bond shall have A RIGHT OF ACTION UPON THE SAID PAYMENT BOND UPON GIVING WRITTEN NOTICE TO SAID CONTRACTOR WITHIN NINETY DAYS FROM THE DATE ON WHICH SUCH PERSON DID OR PERFORMED THE LAST OF THE LABOR OR FURNISHED OR SUPPLIED THE LAST OF THE MATERIAL FOR WHICH SUCH CLAIM IS MADE, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. * * *" (Emphasis by this Court).

Under the proviso, a prerequisite to the right of the plaintiff to maintain this action was the service of written notice upon the defendant Merritt-Chapman & Scott Corporation within the prescribed period.

▮ The necessary allegations as to the plaintiff's compliance with the proviso is contained in Paragraph 11 of the Complaint, which reads as follows:

"On November 5, 1954, within ninety days from the date on which plaintiff did or performed the last of the labor or furnished or supplied the last of the material for which this claim is made, plaintiff, pursuant to the Miller Act, gave written notice to the defendant, Merritt-Chapman & Scott Corporation, of the amount then owing to it from said Frederick J. Raff, serving said

notice by mailing the same by registered mail * * *."

The Answer admits some of the allegations of the Complaint, denies others, and denies "knowledge or information sufficient to form a belief" as to other allegations, except those of Paragraph 11. The Answer contains no reference to Paragraph 11. Since the Answer fails to deny the quoted allegations of the Complaint, they are deemed admitted. Fed.Rules Civ.Proc. rule 8(d), 28 U.S. C.A.; Biggs v. Public Service Coordinated Transport, 280 F.2d 311, 314 (3rd Cir. 1960); City of Montgomery, Alabama v. Gilmore, 277 F.2d 364, 367 (5th Cir. 1960); Freedom Nat. Bank v. Northern Illinois Corp., 202 F.2d 601, 605–606 (7th Cir. 1953); Fontes v. Porter, 156 F.2d 956, 957 (9th Cir. 1946).

▮ The action was moved for trial on May 9, 1960. Plaintiff offered evidence sufficient to establish the full amount of its claim and thereupon rested its case. Defendants produced no evidence. Plaintiff adduced no proof as to the date on which the last of the labor was furnished or the last of the material was supplied. No such proof was necessary. The quoted allegations having been admitted, the plaintiff had a right to rely on the admission. Fontes v. Porter, supra; Freedom Nat. Bank v. Northern Illinois Corp., supra.

▮ However, the trial court, erroneously concluding that additional evidence was necessary, reopened the action and ordered a further hearing. The order of the court, entered on October 27, 1960, directed the plaintiff to furnish additional evidence as to the date of the completion of the work. At the hearing, the plaintiff proffered as business records two documents, each of which was entitled "Completion of Contract Report," and bore the notation "Date Work Completed 9–9–54." The exhibits were received in evidence at the hearing, over the objections of the defendants, but were ultimately excluded as inadmissible. The exclusion of the exhibits was error.

The reports had been prepared and signed by the plaintiff's foreman and were the records of an occurrence within his knowledge. They were identified by one John W. Scott, Jr., District Manager of the plaintiff's Philadelphia office, who testified that they were original records made in the regular course of business and pursuant to an established business procedure. The reports qualify as business records within the meaning of the Business Records Act, 28 U.S.C.A. § 1732, and the testimony of the witness was clearly sufficient to establish their authenticity. United States v. Olivo, 278 F.2d 415, 417 (3rd Cir. 1960); Standard Oil Company of California v. Moore, 251 F.2d 188, 212–217 (9th Cir. 1957), cert. den. 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed. 2d 1148 (1958). The fact that the witness neither prepared the reports nor supervised their preparation did not affect their admissibility. Ibid.

■ The reports are not ambiguous and were admissible as evidence that the work had been completed on the date therein recorded. There was no evidence to the contrary. We are of the opinion that under these circumstances the exhibits were of sufficient probative value to establish plaintiff's compliance with the Act, the prerequisite of its right to maintain the action. We find nothing in the evidence, considered as a whole, which in any way adversely affected the weight to be given these exhibits.

The evidence offered at the initial hearing, coupled with the admitted allegations of the complaint, was sufficient to substantiate the plaintiff's claim for relief under the Act and to entitle it to judgment. The additional evidence offered at the second hearing, although unnecessary, was sufficient to sustain the above quoted factual allegations of the complaint.

The judgment of the District Court will be reversed and the action will be remanded with directions that judgment be entered in favor of the plaintiff in the amount of its claim as established by the evidence.