544

HEYWOOD FEED INGREDIENTS, INC., Plaintiff-in-Error, v. STATE OF TENNESSEE ex rel. D. W. MOULTON, Commissioner of Highways, Defendant-in-Error. 356 S. W. (2d) 605.

Western Division, at Jackson. January 17, 1961.

Petition for Certiorari Denied by Supreme Court, May 5, 1961.

Manier, Crouch & White, W. E. Herod, Nashville, for plaintiff in error.

George McCanless, James M. Glasgow, Alan M. Prewitt, Jr., Nashville, for defendant in error.

CARNEY, J.  In the court below there was a jury verdict and judgment in favor of the State of Tennessee ex rel. D. W. Moulton, Commissioner of Highways, against the defendants, Ralph G. Clark, Jr. and Heywood Feed Ingredients, Inc., in the amount of $50,000. Only the defendant, Heywood Feed Ingredients, Inc. has brought this appeal in error.

The plaintiff's suit was predicated upon the negligence of the defendant, Ralph G. Clark, Jr., in driving his tractor-trailer loaded with 18 tons of soy bean meal across the bridge spanning Buffalo River on State Highway No. 13 in Perry County while carrying a load greatly in excess of the five ton limit on said bridge.

The bridge fell in with the tractor-trailer and was replaced by the State Highway Department. Plaintiff sought a total recovery of $135,000 but the jury returned a verdict of only $50,000. There is no question on this appeal as to the proximate negligence of the defendant, Ralph G. Clark, and no question as to the amount of plaintiff's recovery. The only question on this appeal is whether or not at the time of the damage to the bridge on October 25, 1957, the defendant, Ralph G. Clark, was the agent, servant, or employee of the defendant, Heywood Feed Ingredients, Inc., or its predecessor corporation, Heywood and Rabb, Inc.

It is the contention of the plaintiff-in-error, Heywood Feed Ingredients, Inc., that there is no material evidence in the record from which the jury could reasonably find that the defendant, Clark, was acting as its agent, servant or employee at the time he damaged the state's bridge on October 25, 1957.

For several years prior to October 2, 1957, the corporation known as Heywood & Rabb, Inc. was engaged in the business of buying and selling grain and other feed products with its principal place of business in Chattanooga, Tennessee. Harvey Heywood was president and secretary of the corporation and Frank Rabb was vice-president and treasurer of the corporation. They were the only stockholders.

Sometime in August, 1957, the defendant, Ralph G. Clark, the owner of a tractor-trailer outfit, leased his equipment and his services to Heywood and Rabb, Inc. and operated said equipment over the highways of Tennessee and surrounding states hauling grain and other

feed products as the agent, servant or employee of Heywood and Rabb, Inc.

This relationship admittedly continued during the month of August and part of September, 1957.

It is the contention of the plaintiff-in-error, Heywood Feed Ingredients, Inc., that Heywood and Rabb, Inc. became insolvent during the last of September, 1957, and that on October 2, 1957, a creditors' committee took over the business of the corporation for purposes of liquidation of the assets; that Harvey Heywood, president of the corporation, was employed by the committee as liquidating agent and that Heywood and Rabb, Inc. did no business of any kind between October 2, 1957, and May 6, 1958.

It is further the contention of plaintiff-in-error that Frank Rabb, the vice-president and treasurer of Heywood and Rabb, Inc., ceased to have any further connection with Heywood and Rabb, Inc. from and after October 2, 1957, and that Frank Rabb went into the grain and feed business individually doing business under the name of Rabb Grain and Feed Company within a few days after October 2, 1957; that the defendant, Ralph G. Clark, terminated his contract with Heywood and Rabb, Inc. on or before October 2, 1957, and immediately after October 2, 1957, leased his tractor-trailer equipment and his services to Frank Rabb, d/b/a Rabb Grain and Feed Company, and that at the time the said Ralph G. Clark struck and damaged the bridge on October 25, 1957, he was then acting as the agent, servant or employee of Frank Rabb, d/b/a Rabb Grain and Feed Company.

The defendant, Frank Rabb, is not made a party defendant to the present suit and the proof indicates that he is a non-resident of the State of Tennessee and probably confined in some institution in a foreign state. It is admitted that the charter of Heywood and Rabb, Inc. was never surrendered and that in May, 1958, Harvey Heywood purchased the outstanding stock from Frank Rabb, amended the charter of the corporation by changing the name to Heywood Feed Ingredients, Inc. under which name this suit was brought.

It is the contention of the State that even though Heywood and Rabb, Inc. became insolvent and a creditors' committee was appointed and took over the assets of the corporation on October 2, 1957, yet the corporation continued to do business and that on October 25, 1957, at the time defendant Clark struck the bridge he was engaged as the agent, employee or servant of Heywood and Rabb, Inc. and not of Frank Rabb, d/b/a Rabb Grain and Feed Company. As stated above the jury found the issues in favor of the plaintiff and rendered judgment against both defendants.

Thus it becomes necessary for us to review the evidence to determine whether or not there was any material evidence from which the jury could reasonably find that Clark was the agent, servant or employee of Heywood and Rabb, Inc. at the time of the accident.

The state proved the damages to the bridge by the testimony of five witnesses including the Highway Patrolman, Rubel Payne, who investigated the accident. There were no signs or markings on the tractor-trailer equipment to indicate the ownership and/or agency. The state introduced no bills of lading or invoices of

the load of soy bean meal or any other load on the trip to prove Clark the agent or employee of Heywood Feed Ingredients, Inc.

In order to prove the agency between Heywood Feed Ingredients, Inc. and Ralph G. Clark the state introduced and relies solely upon the discovery depositions of the defendant, Ralph G. Clark and Harvey Heywood, president of Heywood and Rabb, Inc., later Heywood Feed Ingredients, Inc., taken under the provisions of T. C. A. Section 24-1201 et seq.

The defendant Clark testified that he was employed by Heywood and Rabb, Inc. during August and September, 1957, and that after Heywood and Rabb, Inc. went broke he entered into a new lease hire agreement with Frank Rabb, d/b/a Rabb Grain and Feed Company. He introduced a copy of his agreement with Frank Rabb, d/b/a Rabb Grain and Feed Company. This agreement purports to be executed by Ralph Clark as lessor and Rabb Grain and Feed Company by Frank Rabb as lessee. It bears date October 4, 1958, and the date of the acknowledgments of the Notary Public is January 4, 1958.

Mr. Clark further testified that the trip during which the accident occurred originated several days before October 25, 1957, in Chattanooga, Tennessee, when Frank Rabb d/b/a Rabb Grain and Feed Company dispatched him with a load of feed to Tampa, Florida, and then from Tampa, Florida, to East St. Louis, Illinois, with a load of phosphate. Mr. Clark testified that after being unloaded in East St. Louis, Illinois, he telephoned back to Chattanooga to Rabb Grain and Feed Company for further instructions; that Mr. Frank Rabb was ill and

could not be reached by telephone and that Mr. Harvey Heywood who was then occupying an adjoining office answered the telephone and suggested to Mr. Clark that he communicate with a trucking broker in St. Louis named Hallicker to try to obtain a load and not return to Chattanooga empty.

Mr. Clark testified that he did communicate with the named broker and obtained a load of soy bean meal to be shipped from Tiptonville, Tennessee, to Valdosta, Georgia, for the benefit of Heckle Seed Company of Memphis, Tennessee. Mr. Clark testified that he loaded his truck with the soy bean meal in Tiptonville and was en route to Valdosta Milling Company, Valdosta, Georgia, with the load of soy bean meal when he struck and damaged the bridge in controversy.

Mr. Heywood, president of the defendant Heywood Feed Ingredients, Inc., testified that Heywood and Rabb, Inc. had leased the tractor-trailer equipment of the defendant, Ralph Clark, and operated the same during August and September, 1957; that Heywood and Rabb, Inc. became insolvent and a creditors' committee took over the assets of the corporation on October 2, 1957, and the corporation did no further business from and after October 2, 1957, until May, 1958, when he, Heywood, purchased all of the outstanding capital stock of Heywood and Rabb, Inc. from Frank Rabb, amended the name of the corporation to its present name of Heywood Feed Ingredients, Inc. and went back in business.

Mr. Heywood further testified that prior to October 2, 1957, Heywood and Rabb, Inc. occupied three offices at 3919, 3921 and 3923, Ringgold Road, Chattanooga, Tennessee; that after the creditor's committee took over

Heywood and Rabb he, as liquidating agent, continued to occupy one of the rooms, one of the rooms was surrendered and Frank Rabb set up business for himself under the name of Rabb Grain and Feed Company in the other office; that one or more of the former employees of Heywood and Rabb, Inc. went to work for Frank Rabb, d/b/a Rabb Grain and Feed Company. Also he testified that Rabb purchased some of the office equipment of Heywood and Rabb, Inc.

Mr. Heywood further testified that from and after October 2, 1957, Heywood and Rabb, Inc. took no orders for the sale or transfer of merchandise, sold all of its trucks and equipment and completely liquidated all of its assets and made a distribution thereof to the creditors; that during this time Frank Rabb was doing business as Rabb Grain and Feed Company and that he, Heywood, received compensation as liquidating agent for Heywood and Rabb, Inc. for five weeks and then served several weeks without compensation until the liquidation was complete and that for about three months in 1958 he went to work as a paid employee of Frank Rabb, d/b/a Rabb Grain and Feed Company.

Mr. Heywood testified that he did not specifically remember talking with Mr. Clark from East St. Louis but after discussing the matter with Mr. Clark he feels sure that he did and he does remember talking with Mr. Clark after the accident and that he told Mr. Clark to communicate with the local authorities. Mr. Heywood testified that Mr. Rabb was frequently sick and that in answering the phone for him and giving advice to Mr. Clark he did so as a volunteer and not as an employee of Mr. Rabb and that he was not an employee of Mr.

Rabb until up in 1958. Mr. Heywood testified that when Mr. Rabb went in business for himself in early October, 1957, he, Rabb, took out in his own name a new Tennessee sales tax and/or use tax permit or certificate.

The state contends that since the proof shows without contradiction that shortly prior to the date of the accident the defendant, Clark, was in the employ of the defendant's predecessor in title, Heywood and Rabb, Inc., the real question before this court is the question of the termination of the agency; that the testimony of the defendant, Clark, was sufficiently impeached by the discrepancy between his testimony and the date of the lease contract between him and Rabb Grain and Feed Company introduced in evidence as to justify the court submitting the question of agency to the jury.

"It is true that an agent's authority cannot be shown by his own statements made out of court, or merely by proving that he claimed or undertook to act as agent for an alleged principal; but if there is independent evidence tending to prove an agency, it is competent to prove all the acts of the alleged agent pertaining to the business, as well as his declarations that he was acting as agent in the particular transaction, and the order of proof is not necessarily rigid. An agency, like any other fact, may be proved by circumstances and by evidence of the conduct of the parties, such as by showing that the alleged principal knew of the acts of the alleged agent and assented to them. Wade v. Whitsitt, supra, [9 Tenn. App. 436] pp. 446-449; Jones on Evidence (2 Ed., 1926), sections 944-945, pp. 1741-1749; Mechem on Agency (2 Ed.), sections 285 and 289. * * *''

■ There was ample evidence from which the jury could and certainly did find that Mr. Heywood instructed Mr. Clark to communicate with the broker Hallicker in St. Louis in order to get a load for his tractor-trailer to return to the vicinity of Chattanooga, but what evidence is there in the record that at the time of such instruction Mr. Heywood was acting as an official or part owner of Heywood and Rabb, Inc.? If we assume that the discrepancy in Clark's testimony about the lease contract impeached his testimony in toto such impeachment does not amount to a proof of agency between Clark and Heywood and Rabb, Inc. It simply renders his testimony of no effect.

On the other hand, Mr. Heywood testified affirmatively that at the time of such conversation he was acting solely as a volunteer for Mr. Rabb who was in fact the employer of Mr. Clark. He supported his testimony that Heywood and Rabb, Inc. had ceased to do business before the date of the accident by the introduction of a copy of the agreement signed by Heywood as president and Frank Rabb as secretary of Heywood and Rabb, Inc. containing the following agreement:

"IT IS, THEREFORE, AGREED:

"1. *Liquidation of Business*

"The business operations of the Debtor will cease as of the close of business October 2, 1957, except for purposes of liquidation. Liquidation will be carried out as expeditiously as possible by Mr. Harvey Heywood under the general direction of the Creditors' representative, Mr. W. G. Smith, President of the Ridgedale Bank and Trust Company, Chattanooga, Tennessee. All monies received from such liquida-

tion will be deposited in an account entitled 'Heywood and Rabb Special Account' at the Ridgedale Bank and disbursed in accordance with the terms of this agreement with each check to be countersigned by Mr. Smith.''

Further, he supported his testimony by the assertion that Frank Rabb obtained a new sales tax and/or use tax permit from the State of Tennessee when he began his new business on or about October 4, 1957, and the assertion that Frank Rabb paid his own office expenses, his own advertising expenses and paid the compensation of his employees including the defendant, Clark, and that for the period from October 2, 1957, until May 6, 1958, Heywood and Rabb, Inc. did no business of any kind except liquidation. Of course the state could have impeached the testimony of Mr. Heywood even though they introduced his discovery deposition, T. C. A. Section 24-1208(e), but the state did not offer any proof, direct or circumstantial, to impeach or rebut the testimony of Mr. Heywood.

The defendant, Heywood Feed Ingredients, Inc., made a motion at the conclusion of the plaintiff's proof for a directed verdict which was overruled. The defendants offered no proof and the case went to the jury solely upon the evidence submitted by the plaintiff.

If we consider the plaintiff's evidence exclusive of the testimony of Mr. Clark and Mr. Heywood then there is no evidence whatsoever that Mr. Clark was acting as agent, servant or employee of Heywood Feed Ingredients, Inc. or its predecessor corporation, Heywood and Rabb, Inc., at the time of the accident on October 25, 1957. On the other hand, if we consider the plaintiff's

evidence along with the deposition of Mr. Heywood such deposition shows affirmatively, without any substantial impeachment, that at the time of the accident Mr. Clark was acting as agent, servant or employee of Frank Rabb, d/b/a Rabb Grain and Feed Company, and not in any manner the agent, servant or employee of Heywood and Rabb, Inc. or its successor, Heywood Feed Ingredients, Inc.

The burden of proof was upon the plaintiff to prove the relationship of agency between Mr. Clark and Heywood and Rabb, Inc. Therefore, it is the opinion of this court that the motion for a directed verdict in behalf of the defendant, Heywood Feed Ingredients, Inc., was erroneously overruled by His Honor the Trial Judge and the assignment of error must be sustained.

Therefore, a judgment will be entered reversing the action of the lower court and directing a verdict in favor of the plaintiff-in-error. The costs will be taxed against the defendant-in-error.

Bejach, J., concurs.

Avery, P. J. (W. D.), dissents.