526 S.W.2d 492 (1975)
Frank SAWNER d/b/a Frank Sawner and Son Construction Company, Appellant,
v.
M.P. SMITH CONSTRUCTION COMPANY, INC., and United States Fidelity and Guaranty Company, Appellees.
Court of Appeals of Tennessee, Western Section.
January 3, 1975.
Certiorari Denied May 12, 1975.
*494 John J. Ross, Jr., Savannah, for appellant.
O.B. Hofstetter, Jr., Hofstetter & Hofstetter, Nashville, for appellees.
Certiorari Denied by Supreme Court May 12, 1975.
MATHERNE, Judge.
The plaintiff sues on a bond issued in accordance with T.C.A. § 12-417.[1] The claim is for machine hire, labor and materials furnished in the construction of a golf course at Pickwick Landing State Park, which park is owned and operated by the Tennessee Department of Conservation. The defendants are the contractor and the surety on the contractor's bond.
The defendants aver the contractor had issued its check dated September 15, 1971, in the amount of $13,808.60, payable to the plaintiff, which check had written thereon "Acct. in full," and the check having been cashed by the plaintiff constitutes a full accord and satisfaction of all amounts that might have been due the plaintiff by the contractor. The defendants further aver the contractor subcontracted the work to R. Albert Anderson and Charles J. Malone of Sarasota, Florida, and the plaintiff, having dealt with those parties, must look to them for the satisfaction of his claim.
The trial judge, sitting without a jury, held for the defendants and dismissed the plaintiffs' lawsuit. The plaintiff appeals.

I.
We first determine the bond as required by T.C.A. § 12-417 expressly covers "any immediate or remote subcontractor" under the contractor. The only manner by which the advantages of the statute may be denied a furnisher of labor or material to a subcontractor on such project is for the contractor to give notice as set out in T.C.A. § 12-419.[2] The record in this lawsuit does not reveal such notice by the contractor to the plaintiff. We therefore conclude the plaintiff has the right to sue on the bond. The plea of accord and satisfaction will, however, defeat the plaintiff's lawsuit, if proven.

II.
The record establishes the plaintiff, before cashing the check, tried to contact the defendant construction company at its office in Nashville, but was unable to do so. The plaintiff then went to Charles Malone, *495 the person with whom the plaintiff dealt, and who had approved all work performed by the plaintiff and all billings sent by the plaintiff to the general contractor, and pointed out to Malone that the check was not in sufficient amount to constitute payment in full. Malone marked through the words "Acct. in full" and initialed the correction. The plaintiff thereupon cashed the check.
The trial judge held "The plaintiff presented no proof that Malone was the agent of the defendant construction company or that he had any authority to act for this defendant in this matter." We agree the record does not establish an express agreement or contract of agency between the defendant construction company and Malone. We conclude, however, an agreement or contract of agency need not be proved, if the acts of the parties are such as to establish that relationship. Smith v. Tennessee Coach Company (1946) 183 Tenn. 676, 194 S.W.2d 867.
The plaintiff dealt only with Malone when he hired his machinery to work on the project. The plaintiff kept daily tickets showing the hours worked by each machine and the rate per hour. The tickets, or billings were made out to M.P. Smith Construction Company, the defendant contractor, and were submitted to Malone who approved each ticket by writing across same "Malone." The tickets were then sent to M.P. Smith Construction Company and a check in the total amount was sent to the plaintiff. Tickets were thus approved by Malone, and checks were issued by the defendant construction company in payment thereof on June 7, 1971 for $5,699.08, on June 23, 1971 for $7,697.32, on July 15, 1971 for $8,633.75, and on July 26, 1971 for $14,315.23, each check payable to the plaintiff. These checks were marked payment in full of certain numbered tickets as submitted by the plaintiff and approved by Malone, or they were marked payment in full for a certain period of time covered by the tickets. In each instance the defendant construction company paid the amount as approved by Malone, except on one occasion a $10.00 error in addition was found and a correction made. There is no proof of any payment made by the defendant construction company to the plaintiff unless the amount was approved by Malone. The plaintiff charged the hire to the defendant construction company as he was told to do by Malone.
The foregoing constitutes the essence of the plaintiff's proof. The defendants presented no proof. We therefore conclude the record establishes the defendant construction company, by its payment of the billings made to it by the plaintiff and approved by Malone, did thereby constitute Malone its agent in dealing with the plaintiff. See and compare: Drinnon v. Willis (1932) 14 Tenn. App. 483; Heywood Feed Ingredients, Inc. v. State ex rel. Moulton (1961) 49 Tenn. App. 544, 356 S.W.2d 605.

III.
Having thus established that Malone was the agent of the defendant construction company in his dealings with the plaintiff, we must now determine the effect of Malone's marking through the words "Acct. in full."
In Cole v. Henderson (1969) 61 Tenn. App. 390, 454 S.W.2d 374, a cashier's check for commissions due with a notation "commission in full" was cashed by the recipient thereof even though he claimed it represented only one-half the commission due him. The court held the cashing of the cashier's check to be a complete accord and satisfaction and full release of all amounts due. The Court in Cole pointed out with particularity the fact the payee of the check contacted the debtor before cashing the check and was told by the agent of the debtor the amount of the check was all the debtor would pay.
In Hussey v. Crass (Tenn.Chanc. App. 1899) 53 S.W. 986, the words "in full" were erased by the creditor prior to cashing *496 the check. The Court held the erasure did not prevent the cashing of the check from being a complete accord and satisfaction of the entire debt. The court noted, however, had the fact of the erasure been called to the attention of the debtor, and he consented thereto, then the amount paid by the check would have operated only as a credit against the debt. We hold that reasoning to be sound, and we conclude from both Cole and Hussey, supra, that prior to the time a check is cashed, a debtor may waive, extinguish or condition any statement thereon which would otherwise render the check a complete accord and satisfaction upon being cashed by the creditor.
What a party may do, may also be accomplished by his agent in the matter. We hold the marking through of the words "Acct. in full" by Malone has the effect of removing those words from the face of the check. The subsequent cashing of the check by the plaintiff does not amount to an accord and satisfaction of the entire debt owing to him by the defendant contractor.

IV.
The amounts claimed as due and unpaid are (1) $1,610.65 for machine hire, representing the difference between tickets totalling $15,419.25 as approved by Malone and the check of $13,808.60 marked "Acct. in full"; (2) $1,063.77 for overtime paid by the plaintiff to his employees, but not reimbursed by Malone as promised; (3) $340.95 for gasoline bought by Malone and charged to the plaintiff. These amounts total $3,015.37, for which the plaintiff sues.
A check from the defendant dated July 26, 1971 (Exhibit 8) payable to the plaintiff is marked "a/c in full machine hire thru 7/21/71." The sum of $1,610.65 is the claimed balance due for machine hire from July 22, 1971 to September 13, 1971, as billed to that defendant and approved by Malone. There is some proof that Malone, at the time he marked through the words "Acct. in full," did list some different figures on a summary sheet prepared by Mrs. Sawner showing the amount of each ticket sent to the defendant contractor. These figures were not explained by the defendants, and Mrs. Sawner said she did not know what they meant. The only proof in this record is that the above noted balance for machine hire is due the plaintiff from the defendant contractor.
Malone agreed to reimburse the plaintiff for overtime paid by the plaintiff to his employees. Malone made these payments the first two weeks the plaintiff had his machinery on the job. No further payments were made, and the plaintiff presented evidence (Exhibit 2) of the amount of overtime paid each employee from the week ending June 12, 1971 through the week ending September 4, 1971. These figures amount to $1,063.77. The record contains two cancelled checks (Exhibits 6 and 7) issued by the defendant construction company to the plaintiff, one dated June 23, 1971 for $7,697.32, marked "Acct. in full 6/3-6/16/71" and a listing of ticket numbers, the other is dated July 15, 1971 for $8,633.75 marked "a/c in full  6/17-6/30/71." These checks so marked constitute a complete accord and satisfaction of all amounts owing the plaintiff by the defendant contractor for machine hire, materials and labor furnished during the periods noted. Cole v. Henderson, supra.
The defendant contractor produced no other cancelled checks showing payment in full for any other period of time after June 30, 1971. We cannot determine from the record whether the $148.34 overtime paid by the plaintiff during the week ending July 3, 1971, was paid before or after June 30, 1971, and we therefore disallow that amount. We approve the following overtime payments as owing to the plaintiff from the defendant construction company:

*497
July 4th and 5th $262.74
Week ending July 10, 1971 5.00
Week ending July 17, 1971 99.48
Week ending July 24, 1971 242.81
Week ending August 21, 1971 8.52
Week ending August 28, 1971 20.06
Week ending September 4, 1971 24.03
 _______
 Total $662.64

The plaintiff, at the request of Malone, let Malone charge to the plaintiff gasoline for his station wagon and for some machines on the job. These purchases total $340.95. The only proof is that this gasoline so purchased and charged to the plaintiff was used by Malone in completing the construction of the golf course. There is no proof, however, as to how much of the gasoline was purchased between June 3, 1971 and June 30, 1971, being that period of time during which a complete accord and satisfaction was effected by the cashing of the two checks heretofore mentioned. The burden in on the plaintiff to prove his lawsuit, and we must accordingly disallow the entire amount of $340.95 claimed as payment for gasoline. To do otherwise would involved the Court in rank speculation.
We therefore conclude the plaintiff is entitled to judgment against the defendant contractor in the sum of $2,273.29, representing the balance due on machine hire of $1,610.65, and overtime payments of $662.64.

V.
The defendant bonding company by answer admits it made bond for the defendant contractor as alleged in the complaint. The bonding company denies liability under its bond because the plaintiff did not prove he gave written notice of his claim within ninety days after the completion of the project as required by T.C.A. § 12-421. The main thrust of this defense is that the plaintiff failed to prove when the project was completed.
The plaintiff in his complaint averred the defendant bonding company was surety on the contractor's bond as required by T.C.A. § 12-417. The plaintiff further averred: "Plaintiff by registered mail gave notice on November 15, 1972, to all defendants of his claim on said contractor's bond, as required by T.C.A. Section 12-421. A copy of this notice is attached as Exhibit A." Neither defendant denied the foregoing allegation of notice.
Under Rule 8.02 the answer must set forth defenses to each claim asserted by the plaintiff; and it must admit or deny the averments upon which the adverse party relies. The failure to deny admits the averment. We conclude the failure to deny notice as required by T.C.A. § 12-421, admits the averment that notice was given "as required by T.C.A. Section 12-421." See and compare: Sinclair Refining Company v. Howell (Ala. 1955) 222 F.2d 637; Consolidated Packaging Machinery Corp. v. Kelly (Ill. 1958) 253 F.2d 49, cert. denied 357 U.S. 906, 78 S.Ct. 1151, 2 L.Ed.2d 1156; Fontes v. Porter (Cal. 1946) 156 F.2d 956.
The defendant bonding company further insists the plaintiff has not proved he brought this lawsuit within six months of the completion of the project, or of the furnishing of work and materials, and his cause of action is thus barred by T.C.A. § 12-422. Mrs. Sawner testified the last work performed by the plaintiff on the golf course was September 13, 1971, and the billings made to the defendant confirm this date. Neither defendant pled the statute of limitations as set out in T.C.A. § 12-422; the failure to so plead, denied the defendants the right to rely thereon. Rule 8.03.
It results the judgment of the trial court is reversed, and judgment shall be entered in this Court in favor of the plaintiff against the defendant construction company and the surety on its bond in the amount of $2,273.29, with interest thereon from the date of the judgment in the trial court. The costs in the trial court and in this court are adjudged against the two named defendants.
The Honorable William W. O'Hearn, by appointment of the Chief Justice of the Supreme Court of Tennessee, sat on this *498 lawsuit in the place of Presiding Judge C.S. Carney.
NEARN, J., and O'HEARN, Special Judge, concur.
NOTES
[1] 12-417. Contractor's bond to pay for labor and materials.  No contract shall be let for any public work in this state, by any city, county or state authority, until the contractor shall have first executed a good and solvent bond to the effect that he will pay for all the labor and materials used by said contractor, or any immediate or remote subcontractor under him, in said contract, in lawful money of the United States. The bond to be so given shall be for one-half (1/2) of the contract price on all contracts of two thousand dollars ($2,000) or under; one-half (1/2) of the first two thousand dollars ($2,000) and thirty-five per cent (35%) of all over that amount on all contracts between two thousand dollars ($2,000) and five thousand dollars ($5,000); and one-half (1/2) of the first two thousand dollars ($2,000), thirty-five per cent (35%) on the balance on the next three thousand dollars ($3,000) and twenty-five per cent (25%) on the balance on all contracts over five thousand dollars ($5,000). Where advertisement is made, the condition of the bond shall be stated in the advertisement; provided, that §§ 12-417  12-422 shall not apply to contracts under one hundred dollars ($100). [Acts 1925, ch. 121, § 1; Shan.Supp., § 3546a4; mod. Code 1932, § 7955.]
[2] 12-419. Contractor disclaiming subcontractor's liability.  In the event the contractor who has executed the bond gives notice, in writing, by return-receipt registered mail, to any laborer or furnisher of material or to any such immediate or remote subcontractor, that he will not be responsible therefor, then, such person who thereafter furnishes such material or labor shall not secure advantage of the provisions of §§ 12-417  12-422, for materials furnished or labor done after the receipt of such notice. [Acts 1925, ch. 121, § 1; Shan.Supp., § 3546a4; mod. Code 1932, § 7955.]