**James SLOAN, Plaintiff-Appellee,**

v.

**Gary HALL, Mary Hunt Hall, James Hall, William H. France, Hubert D. Patty, and the Man Corporation, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

May 18, 1984.

Permission to Appeal Denied by Supreme Court July 16, 1984.

Harry J. Bryant, Knoxville, for plaintiff-appellee.

Jerry H. McCarter, Gatlinburg, for defendants-appellants.

HIGHERS, Judge.

This case arises from the attempt of the plaintiff, James Sloan, to purchase radio station WZZI in Monroe County, Tennessee, from the Man Corporation in which Gary Hall, one of the defendants, was the sole shareholder.[1] Several questions have been presented for review, but we perceive the determinative issue to be whether the co-defendant in the trial court, William France, was the agent of Sloan or Hall.[2]

In December of 1979, through William France, the defendant, Gary Hall, was contacted by the plaintiff, James Sloan, in response to an advertisement that WZZI was for sale. Sloan testified that through the teletype access to the Federal Communications Commission (FCC) in Washington, D.C., he was informed that the station was owned jointly by Hall and France. Hall stated that the Man Corporation took over the operation of the radio station in January of 1977 and that the corporation bought out all of France's stock in August of that year. From that time, France and Hall have not been business associates.

---

1. The parties will be referred to as they appeared in the trial court, or by their names.

2. William France was a defendant in the trial court, but is not a party to this appeal.

A tentative agreement for the sale of WZZI was negotiated, but it never became final because on March 7, 1980, there was a fire which took the station off the air. Negotiations commenced again after the fire, with Hall and Sloan dealing with each other through France. An option agreement was signed on March 21, 1980, by Sloan, Hall, and Mary Hunt (later Mrs. Hall). On May 12, 1980, the plaintiff executed this supplemental agreement:

I James Q. Sloan, The undersigned agree, that I am proceeding with the rebuilding/construction of the building/equipment/facilities of radio station WZZI, located in Madisonville, Tennessee, which I have Optioned to purchase. I do so with full understanding that in the event the Federal Communications Commission fails to approve the transfer or I do not full fill the terms and conditions of the option, I forfit [sic] all labor, materials, monies used for such, without recourse.

An assets purchase agreement was signed on June 19, 1980, by Sloan and by Hall for the Man Corporation. The option agreement provided for a $10,000.00 payment in escrow and for a balance of $90,000.00 to be paid in escrow or for Sloan to produce a letter of credit. Sloan paid France $10,000.00 to be put into escrow, but Hall testified that he never knew that Sloan had made the payment.

The assets purchase contract provided for termination of the agreement within nine months if the FCC did not approve the transfer. In order to secure FCC approval of a broadcasting station transfer, it was necessary to demonstrate that the buyer could operate the station for one year without making a profit. At the June 19 meeting when the assets purchase agreement was signed, the plaintiff did not present a letter of credit. France had stated on May 12 that a letter of credit was forthcoming. A letter from Pinewood Associates dated June 26, 1980, stated that "one of our lenders has unconditionally and irrevocably guaranteed your loan request of $130,000." According to Sloan, the letter of credit was

to have been taken care of by his attorney, but according to Hall, France informed him that the document meant only that money was soon to be placed in escrow for transfer and thus Hall never accepted it as a letter of credit. Through a letter from his attorney dated July 30, 1980, Hall demanded that "the letter of credit or other letter from the bank indicating that the $130,000 funds are available for use in this transfer" must be produced by August 4.

On August 5, 1980, Hall wrote a letter to Sloan noting that the August 4 deadline had passed and stating that he would extend "the deadline until noon Friday, August 8th and at that time I will assume full controll and will proceed with finding another buyer but more important I will proceed with building and equipping WZZI to broadcast no later than September 10th." Although Sloan had undertaken to repair the station, Hall assumed control on August 8, completed the repairs, and put the station back on the air on September 15. Hall received $3,000.00 from France on September 8, 1980, after pressing him to show that the $10,000.00 was in an escrow account. Hall never saw France again and did not hear from Sloan until April 1981 at which time another contract was proposed but never consummated. WZZI was eventually sold to Sunbelt Communications in January 1982.

The plaintiff filed suit against Hall, Mary Hunt Hall, James Hall, William France, and Hubert D. Patty for specific performance and for damages on grounds of unjust enrichment. A voluntary non-suit was taken against Patty, who had been Sloan's attorney during some of the negotiations, and Mrs. Hall and James Hall, the defendant's brother, were dismissed as defendants. The action against the Man Corporation, which had been added as a defendant by amendment, was also dismissed. In the finding of the Chancellor, he stated that the plaintiff had "every reason to believe that France was an agent of the defendant and the defendant should be held responsible to this extent." Judgment was awarded against France and Hall in the

amount of $35,000.00, representing in part the money and labor which Sloan had expended to rebuild the station.

 The burden of proving an agency relationship is on the person alleging its existence. *Cobble v. Langford*, 190 Tenn. 385, 230 S.W.2d 194 (1950); *Testerman v. Home Beneficial Life Ins. Co.*, 524 S.W.2d 664, 93 ALR3d 1147 (Tenn.App.1974). The scope and extent of an agent's real and apparent authority are questions to be determined by the trier of fact from all of the facts and circumstances in evidence. *Morristown Lincoln-Mercury, Inc. v. Roy N. Lotspeich Publishing Company*, 42 Tenn. App. 92, 298 S.W.2d 788 (1956).

The facts in this case do not show any actual authority, but the existence of apparent authority is not thereby excluded. *See Rich Printing Company v. McKellar's Estate*, 46 Tenn.App. 444, 330 S.W.2d 361 (1959); *Corbitt v. Federal Kemper Ins. Co.*, 594 S.W.2d 728 (Tenn.App.1980). As stated in *V.L. Nicholson Co. v. Transcon Inv.*, 595 S.W.2d 474 (Tenn.1980):

> If it can be shown that the plaintiff held the agent out as having such authority or permitted him so to act, and if the person dealing with the agent "knew of the facts, and, acting in good faith, had reason to believe, and did believe, that the agent possessed the necessary authority," then the general rule on apparent authority may be applied. 595 S.W.2d at 483.

 An agent's authority must be traceable to the principal and may not be shown by his own statements or merely by proving that he claimed or undertook to act as an agent. If there is nevertheless independent evidence tending to prove agency, it is competent to prove all acts of the alleged agent pertaining to the business, as well as his statements that he was acting as agent in a particular transaction. *Heywood Feed Ingredients, Inc. v. State*, 49 Tenn.App. 544, 356 S.W.2d 605 (Tenn.App. 1961).

What must be determined from the proof, therefore, is whether Hall's conduct indicated that France was his agent.

The plaintiff relies upon three facts adduced from the proof in order to sustain the apparent agency relationship: (1) The listing of France's name as the registered agent of the Man Corporation for service of process; (2) the listing of France as a part owner of WZZI in the FCC records; and (3) a report in *Broadcasting* magazine dated December 14, 1981, which indicated that France was a part owner of the station. Concerning the item in *Broadcasting*, the Chancellor ruled that it was not an advertisement but a news item and was admissible for notice purposes only. Neither the item itself nor anything else in the record indicated that Hall was responsible for the use of France's name in the article. Likewise, with reference to the FCC records, Hall was not shown to have been the source of the FCC's information or responsible for any errors in that agency's records. Further, Hall removed France's name as registered agent of the Man Corporation in December 1980 as soon as he became aware that it was still so listed. It appears that Sloan did not know that France was the registered agent of the Man Corporation until some time after WZZI went back on the air and, of course, it is clear that the item in *Broadcasting* did not appear until December 1981.

The plaintiff's brief emphasizes the fact that France signed the contract of March 21, 1980. France, however, was named as the holder in trust of the $10,000.00 deposit in that document and his signature was therefore appropriate upon that basis.

 The Tennessee Supreme Court stressed in *Southern Railway Co. v. Pickle*, 138 Tenn. 238, 197 S.W. 675 (1917), also cited in *Rich Printing Company v. McKellar's Estate, supra*, that it must not only be shown that the purported principal actively or negligently allowed a third person to believe the alleged agent possessed authority, but also that the third person had reason to believe that the agent possessed the authority. Even if Hall were negligent in failing to have France's name removed from the FCC's files as part owner and

from the Man Corporation's designation as registered agent, the proof was still insufficient to show any reasonable basis for Sloan to believe that France was the agent of Hall. The sale failed over the matter of financing. According to the contract, Sloan was required to present a letter of credit from a bank or to deposit in escrow the balance of $90,000.00. Time was of the essence because after a certain length of time off the air, the station would lose its license. Sloan was relying upon France and his attorney, Hubert D. Patty, to secure the financing. If France was to secure the financing for Sloan, but was the agent of Hall and not of Sloan, then the contract might well have been illusory because Hall could simply have instructed France not to obtain the financing. This is not to say that the contract was in fact illusory, but rather to emphasize that it would have been unreasonable for Sloan to believe that France was the agent of Hall under these circumstances.

■ We are unable to find any evidence in the record of any action by Hall which could have served as a reasonable basis for Sloan to believe France was Hall's agent. Inasmuch as the evidence preponderates against the finding of the Chancellor in this regard, we hold that Hall cannot be held liable for the actions of France. We further note that Sloan agreed to forfeit "all labor, materials, monies used for" repairing the station. The Chancellor's award to Sloan of $35,000.00, including consideration of station repairs, is therefore incorrect, and cannot stand. It is unclear to this Court what action of France is attributed by the trial court to Hall so as to justify the $35,000.00 award. Hall was not connected to France in the effort to secure financing for Sloan, and we find no act committed by France, for which Hall may be held responsible, which was the occasion for any damage sustained by the plaintiff.

The judgment of the trial court with reference to the defendant, Gary Hall, is accordingly reversed, and the matter is remanded for such other proceedings as may be necessary. Costs are adjudged against the plaintiff.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.