IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 31, 2012 Session

# CITY OF CHATTANOOGA, TENNESSEE, et al., v. HARGREAVES ASSOCIATES, INC., et al.

**Appeal from the Circuit Court for Hamilton County**
**No. 09C403     Jacqueline S. Bolton, Judge**

**No. E2011-01197-COA-R3-CV-FILED-JUNE 21, 2012**

### DISSENTING OPINION

I respectfully dissent from the majority's Opinion affirming the Trial Court's granting of summary judgments to all defendants.  In my view, the record in this case does not demonstrate that this case is ripe for summary judgment.

Regarding the claims against River City, the City of Chattanooga/CDRC alleged that:

(a)     River City was contractually obligated to oversee the waterfront project and was to provide monthly reports regarding same, including any change orders, to the City;

B)     River City breached the contract by failing to schedule construction meetings, failing to provide monthly reports to the City, and failing to obtain City approval before approving changes to the design (specifically substitution of mortar and use of fixtures in reflective pools not consistent with the plans);

C)     River City acted in excess of its authority; and

D)     the City was damaged thereby.

River City filed an Answer, asserting that it kept the City informed regarding the construction progress and changes, and that all reporting requirements were met/exceeded.

Hargreaves (architect) filed the first Motion for Summary Judgment, and filed a Statement of Undisputed Facts, asserting that Hargreaves reported numerous construction/design problems to River City from October 2004 through June 2005. Hargreaves filed an affidavit of its employee, Gavin McMillan, who stated that he was the principal in charge of this project, and that he communicated extensively with River City regarding the problems Hargreaves encountered. McMillan stated that he sent numerous memos and emails to all the parties involved, including River City, and attached copies of those communications. One communication which was relied upon heavily by both the Trial Court and the majority, was a memo dated 7/30/05 from McMillan to "DEW" which states that McMillan got a call from Dan Kral (of River City) on the prior day which he characterizes as a "call for help", stating that Kral relayed that the fountain was "falling apart to the point of being inoperable". There is no actual email or written documentation in the record regarding this alleged conversation other than this memo, which was not to or from anyone at River City.

The other communication which is relied upon by the defendants and the majority opinion in this case to establish notice is a string of emails that were sent in May 2005, between Lee Norris, a director with the Chattanooga City Department of Public Works, and Dan Kral with River City. Norris asked who was responsible for construction defects, stating that he had walked the waterfront recently and noticed 6-7 issues that needed to be corrected. Norris later explained in his Affidavit that this memo only concerned minor cosmetic issues that he noticed, and that he had neither the responsibility nor expertise to identify latent construction defects, and further that the City had no notice of any actual construction defects until July 2007.

The City filed a Response to the Motion for Summary Judgment and the Statement of Undisputed Facts, and stated the City knew of no construction defects until July 2007. The City filed an Affidavit of Don Lewis, who stated that he was General Supervisor with the Parks and Recreation Department of Chattanooga, and that his department took over management of the project after substantial completion in 2005. Lewis stated that they had no notice of any material issue with the construction of the project until spring 2007 (although there was some minor issue with niche lighting noted in 2005). The City also filed an Affidavit of Bob Saylors, Director of the Parks and Recreation Department, who also said that the City had no notice of material issues in connection with the design/construction of the project until the spring of 2007. Further, the City filed an Affidavit of Steve Leach, who stated that he was Administrator of the City of Chattanooga Public Works Department, and that electrical issues with the Passage were discovered on July 19, 2007, and that prior to this date, the City nor CDRC had any knowledge of any construction or design defects with the Project. Leach stated that these issues caused the City to hire TWH Architects to review the project and identify any problems, and that TWH issued its report detailing the

construction/design defects in July 2008.

The City also filed a copy of a letter it received in discovery documents that is dated August 9, 2007, and is addressed to Gavin McMillan with Hargreaves, from Paul Brock with River City. This letter states that River City is disappointed with Hargreaves' response to issues with the Passage wall, and that a public safety issue had developed after one of the masonry units from the wall had fallen the prior weekend. Brock states "It has been almost a year since you came to Chattanooga to advise us regarding the wall and the problems it is experiencing", and further alleges that Hargreaves did not properly inform River City of the design modifications made during construction and the potential consequences thereof.

River City filed a Motion for Summary Judgment on its own behalf, as did all the defendants, but River City filed no supporting documentation. Plaintiffs assert that Dan Kral of River City was scheduled to be deposed as were many other actors in this project, but summary judgment was granted before depositions took place.

The Trial Court ruled that River City had notice of construction defects as of the July 29, 2005, "call for help" allegedly made by Dan Kral of River City, and thus that the City had notice as of that date, rendering the Complaint filed in March of 2009 untimely under the three year statute of limitations. The Trial Court then granted summary judgment to all defendants, including River City. The majority opinion affirms that ruling.

First and foremost, it is important to note the City's claims against River City were completely different than the claims against the other defendants. The City alleged claims of breach of contract and acting outside the proper scope of authority, asserting that River City failed to keep the City informed regarding design/construction changes and problems on this Project, and further that River City approved changes to the design without City approval. These claims are not claims of injury to real property, as were the claims against the other defendants. Rather, these are strictly breach of contract claims which are subject to a six year statute of limitations rather than a three year statute of limitations. *See* Tenn. Code Ann. §28-3-105 and 109. As such, the claims filed in March 2009 against River City were timely, and River City was not entitled to a summary judgment. Moreover, as agent of the City it had a fiduciary duty to the City.

Regarding the other defendants, however, the statute of limitations is a three year period which accrues upon discovery, i.e., when the plaintiff has information that would place a reasonable person on inquiry notice that he may have a cause of action, as the majority opinion correctly explained. The problem in this case is that there is a dispute regarding when plaintiffs actually had such information. As stated earlier, Gavin McMillan of Hargreaves asserted that he reported numerous problems to River City during the project,

and that after the project was completed, he received a call on July 29, 2005, from Dan Kral, which he characterized as a "call for help" because the fountain was "falling apart". While the fountain was only a part of the entire project, this could still be considered constructive notice that there were defects requiring further inquiry. The problem is that this is evidence set forth by a defendant, and on a summary judgment motion, it is the evidence of the plaintiff or non-movant that is to be accepted as true, with any doubts concerning the existence of a genuine issue of material fact being resolving in the non-moving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76 (Tenn. 2008).

In contrast, the plaintiffs filed at least three affidavits from City employees who insisted that the City was unaware of any design/construction defects until at least the spring of 2007. All of these City employees stated that while they might have seen a few minor cosmetic-type defects before that time, they were unaware of any major defects until 2007, and that they didn't know the extent of the defects until TWH issued its report in 2008. Further, the City filed a letter that was sent from River City to Hargreaves in 2007, which impliedly asserts that River City knew of no problems until summer of 2006. Accepting even the earliest of these dates as the true date of "discovery" of the construction defects, the Complaint filed in March 2009 would be timely as to all defendants.

This is a classic example of a genuine issue of material fact regarding the date of discovery which should preclude summary judgment. Establishment of the date of discovery is crucial to determining whether the statute of limitations would bar plaintiffs' claims. The Trial Court and the majority opinion both rely upon the July 29, 2005, "call for help" as establishing the date of discovery, when there is countervailing proof filed by the non-moving party on this issue.

Further, even if defendant's proof could/should be accepted as true, the City has alleged that it is error to impute the knowledge of River City to the City, even though River City was clearly the City's agent, because River City allegedly exceeded its scope of authority.

In order to determine whether the knowledge of the agent may be imputed to the principal, it is of "primary importance to ascertain the exact scope and extent of the agency." *Hurst Boillin Co. v. S.S. Jones & Co.*, 279 S.W. 392 (Tenn. 1925). These questions are to be "determined by the trier of fact from all the facts and circumstances in evidence." *Sloan v. Hall*, 673 S.W.2d 548 (Tenn. Ct. App. 1984). Moreover, as appellants point out, there is case law which holds that the doctrine of apparent authority is modified to accommodate the public interest when a private party deals with a municipal corporation. *Faust v. Metro. Gov't of Nashville*, 206 S.W.3d 475 (Tenn. Ct. App. 2006). In that case, this Court stated, "Although a private agent, acting in violation of specific instructions, yet within the scope

of a general authority, may bind his principal, the rule, as to the effect of a like act of a public agent, is otherwise." *Id.* In this case, there was no determination made regarding the scope and extent of River City's agency by the Trial Court.

Summary judgment was improperly granted in this case based upon the evidence presented. Plaintiffs' breach of contract claims against River City were not considered by the Trial Court, and plaintiff's affidavits and proof presented at the summary judgment stage were not taken as true, in violation of proper summary judgment standards. There was clearly a genuine issue of material fact regarding when plaintiffs discovered their claims. As such, the Trial Court's grant of summary judgment should be reversed, and the cause remanded for further proceedings.

_____
HERSCHEL PICKENS FRANKS, P.J.