# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 6, 2016 Session

## HEALTHCARE HORIZONS, INC., DBA HEALTHCARE HORIZONS CONSULTING GROUP, INC. v. JAMES GUY BROOKS

**Appeal from the Circuit Court for Knox County**
**No. 3-705-14     Deborah C. Stevens, Judge**

_____

### No. E2015-00488-COA-R3-CV-FILED-APRIL 26, 2016

_____

James Brooks began working for Healthcare Horizons, Inc. in October 2013. He was required to sign a confidentiality and non-solicitation agreement (CNSA). The CNSA provides that disputes regarding the agreement would be settled by binding arbitration; there were exceptions – claims requesting equitable or injunctive relief were to be resolved by litigation in Knoxville. In March 2014, Healthcare Horizons terminated Brooks. He subsequently accepted a position with a new firm founded by John Graham, the former president of Healthcare Horizons. Graham had also executed a CNSA while working for Healthcare Horizons. His agreement provided that all disputes arising out of that agreement would be settled exclusively by binding arbitration. In November 2014, Healthcare Horizons filed a complaint against Brooks, alleging a breach of his CNSA and misappropriation of trade secrets. Brooks filed a motion to compel arbitration or, in the alternative, to stay the case pending resolution of an ongoing claim of Healthcare Horizons against Graham. The trial court denied Brooks' motion. He appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, JJ., joined.

Samuel P. Funk and D. Gil Schuette, Nashville, Tennessee, for the appellant, James Guy Brooks.

Michael W. Ewell, Knoxville, Tennessee, for the appellee, Healthcare Horizons, Inc., dba Healthcare Horizons Consulting Group, Inc.

# OPINION

## I.

Healthcare Horizons is a consulting firm that audits healthcare claims on behalf of self-insured employers.  On October 14, 2013, Brooks began working for Healthcare Horizons as an auditor.  As a condition of his employment, he signed a CNSA on October 24, 2013.  Brooks' CNSA addresses the "[c]onfidential [i]nformation and [m]aterials" protected by that agreement.  There are a number of paragraphs stating in detail the matters for which Healthcare Horizons seeks protection.  The CNSA then turns to the subject of enforcement:

> Remedies.  Employee hereby acknowledges that the [c]onfidential [i]nformation and [m]aterials disclosed to or acquired by Employee during his or her employment are of a special, unique and extraordinary character, and the breach of any provision of this Section will cause Employer irreparable injury and damage.  Consequently, Employer shall be entitled, in addition to all other available rights or remedies, to injunctive and equitable relief to prevent a breach, threatened breach or continuing breach of this paragraph, or any part of it, and to secure the enforcement of this Section.

> \*     \*     \*

> Dispute Resolution.  Any disputes regarding this Agreement shall be resolved by binding arbitration conducted in Knoxville, Tennessee by a single arbitrator selected by Employer and Employee.  The Arbitrator shall establish the rules and procedures of the arbitration.  Notwithstanding the foregoing, any disputes in which either Employer or Employee requests equitable or injunctive relief shall be resolved by litigation in the state or federal court located in Knoxville, Tennessee.

When Brooks began working at Healthcare Horizons, Graham served as the firm's president.  Just like Brooks, Graham signed a CNSA when he began working for Healthcare Horizons.  Though Graham's CNSA was essentially the same as the agreement that Brooks signed, it did contain additional clauses, most pertinent to this appeal being one regarding binding arbitration.  That clause states, "The parties agree that

2

any disputes arising out of this Agreement shall be settled exclusively by final and binding arbitration before a neutral, third-party arbitrator[.]" In March 2014, Graham left Healthcare Horizons and started J. Graham, Inc., a new company that also provided audits of healthcare claim. On March 21, 2014, Healthcare Horizons terminated Brooks, who later reached out to Graham and accepted a new job with J. Graham, Inc.

On November 10, 2014, Healthcare Horizons filed a complaint alleging that Brooks had breached his CNSA and misappropriated Healthcare Horizons' trade secrets in violation of Tenn. Code Ann. § 47-25-1701, *et seq.* On January 9, 2015, Brooks filed a motion to compel arbitration, or in the alternative, to stay the case until arbitration involving a claim by Healthcare Horizon's against Graham had been completed. The trial court held a hearing on February 20, 2015, regarding Brooks' motion to compel and entered an order March 2, 2015, denying the motion. In its order, the trial court stated,

> The Court finds . . . Brooks' [CNSA] entered into by and between the parties to this litigation includes an applicable specific carve-out in the Dispute Resolution provision providing that "[n]otwithstanding the foregoing, any disputes in which either Employer or Employee requests equitable or injunctive relief shall be resolved by litigation in the state or federal court located in Knoxville, Tennessee." The Court further finds that a stay of the litigation is not appropriate.

## II.

Brooks filed a notice of appeal on March 12, 2015, raising a single issue, as quoted verbatim from his brief:

> Whether . . . Brooks may compel arbitration of Healthcare Horizons' claim against him based upon the arbitration provision in an agreement between Healthcare Horizons and . . . Graham, where the alleged conduct of . . . Brooks was alleged to have been for the benefit of, among others . . . Graham.

Healthcare Horizons has raised an additional issue, as quoted verbatim from its brief:

> Whether, pursuant to Tennessee Code Annotated § 27-1-122, Healthcare Horizons is entitled to recover its attorney's fees and expenses in defending the instant appeal, where based

upon the record and the controlling law . . . Brooks' appeal is frivolous as to his claim that the causes alleged in Healthcare Horizons['] lawsuit must be arbitrated when (i) the contract between these parties clearly provides that "any disputes in which either Employer [Healthcare Horizons] or Employee [Brooks] requests equitable or injunctive relie[f] shall be resolved by litigation in the state or federal court located in Knoxville, Tennessee," and (ii) it is undisputed that Healthcare Horizons seeks injunctive relief in its Complaint.

## III.

Our review of a trial court's grant or denial of a motion to compel arbitration is governed by the same standards that apply to a bench trial. *Mitchell v. Kindred Healthcare Operating, Inc.*, 349 S.W.3d 492, 496 (Tenn. Ct. App. 2008). As we observed in *Rosenburg v. BlueCross BlueShield of Tennessee, Inc.*,

> [a]s a general rule, a court's enforcement of an arbitration provision is reviewed de novo. *See Cooper v. MRM Inv. Co.*, 367 F.3d 493, 497 (6th Cir. 2004). A trial court's order on a motion to compel arbitration addresses itself primarily to the application of contract law. We review such an order with no presumption of correctness on appeal. *See Pyburn v. Bill Heard Chevrolet*, 63 S.W.3d 351, 356 (Tenn. Ct. App. 2001); *see also Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 629 (Tenn. 1999).

219 S.W.3d 892, 903-04 (Tenn. Ct. App. 2006).

## IV.

Healthcare Horizons filed a complaint solely against Brooks alleging breach of contract for violating his CNSA by misappropriating trade secrets. In its complaint, Healthcare Horizons specifically sought injunctive relief. As we previously explained in this opinion, Brooks signed a CNSA with Healthcare Horizons on October 14, 2013, that dictates how disputes stemming from the agreement would be decided. His CNSA provides, in pertinent part, as follows:

> Any disputes regarding this Agreement shall be resolved by binding arbitration conducted in Knoxville, Tennessee by a

4

single arbitrator selected by Employer and Employee. The Arbitrator shall establish the rules and procedures of the arbitration. *Notwithstanding the foregoing, any disputes in which either Employer or Employee requests equitable or injunctive relief shall be resolved by litigation in the state or federal court located in Knoxville, Tennessee.*

(Emphasis added.) "In resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." ***Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.***, 78 S.W.3d 885, 889-90 (Tenn. 2002) (quoting ***Guiliano v. Cleo, Inc.***, 995 S.W.2d 88, 95 (Tenn. 1999)) (internal quotation marks omitted). In the present case, we find nothing unclear or ambiguous about how the provisions of Brooks' CNSA are to be enforced. On the contrary, it appears perfectly clear to us that Brooks and Healthcare Horizons would submit to arbitration unless either party seeks injunctive relief, as Healthcare Horizons did in this case.

Relying upon Graham's CNSA with Healthcare Horizons, which states that the sole mechanism for addressing disputes is binding arbitration, Brooks argues that,

[he] should be permitted to enforce the broad arbitration provision set out in the CNSA between . . . Graham and Healthcare Horizons because 1) the claims at issue in the litigation arise out of and relate to . . . Brooks' work as a consultant for . . . Graham and J. Graham, Inc.; 2) Healthcare Horizons has pled that . . . Brooks, as . . . Graham's agent, is using its confidential material for the benefit of . . . Graham; and 3) Healthcare Horizons should be estopped from avoiding arbitration because its claims against . . . Graham and . . . Brooks are "substantially identical."

Brooks, however, has misrepresented a portion of Healthcare Horizon's claim against him. Specifically, Healthcare Horizons has never alleged that Brooks acted as an agent of Graham. Rather, the complaint stated, in pertinent part, that,

[u]pon information and belief, Healthcare Horizons avers that Brooks while in the employ of J. Graham, Inc., has used Healthcare Horizons' [c]onfidential [i]nformation and [m]aterials to benefit J. Graham, Inc., Graham, and Brooks in breach of the CNSA.

5

When examining this portion of Healthcare Horizons' complaint, we find no indication that Healthcare Horizons alleges Brooks was an agent of Graham. On the contrary, we find it clear that Healthcare Horizons argued (1) that Brooks breached his CNSA while working as an employee of J. Graham, Inc.; (2) that the breach subsequently benefitted Brooks and J. Graham, Inc.; and (3) that Graham also benefitted as the founder and president of J. Graham, Inc. Furthermore, we have found no evidence in the record that Healthcare Horizons ever stated that Brooks was acting as Graham's agent. Rather, Brooks is the only party in this case maintaining that he was sued in his capacity as an agent of Graham.

"The burden of proving that an agency relationship exists rests on the party asserting it." **Mohn v. Graff**, No. E1999-01015-COA-R3-CV, 2000 WL 705314, at *4 (Tenn. Ct. App. E.S., filed May 31, 2000) (citing **Sloan v. Hall**, 673 S.W.2d 548, 551 (Tenn. Ct. App. 1984)). In addition, "[a]n agent's authority must be traceable to the principal and may not be shown by his own statements or merely by proving that he claimed or undertook to act as an agent." **Sloan**, 673 S.W.2d at 551. In the present case, Brooks has offered no evidence, with respect to the claims of Healthcare Horizons against him, that he is being sued as an agent of Graham. He simply argues that he is Graham's agent and, as a consequence, is entitled to enforce the arbitration agreement in Graham's CNSA. In simple terms, the complaint in this case does not allege that it seeks relief against Brooks in his capacity as an agent of Graham.

Brooks contends that the present action is so "intertwined" with an ongoing action against Graham that "Healthcare Horizons should be estopped from avoiding arbitration." Specifically, Brooks alleges that after entering into arbitration with Graham, "Healthcare Horizons filed suit against . . . Brooks for the same actions involving the same company and the same information." Furthermore, Brooks maintains that "[w]hile Healthcare Horizons claims that . . . Graham's defenses to its claims may differ, it does not contest the fact that its claims against . . . Graham are the same as its claims against . . . Brooks." Healthcare Horizons has disputed this allegation on multiple occasions, both at the trial court level and now on appeal. Nevertheless, we need not engage in an extended analysis of this issue, as Brooks has failed to produce any evidence indicating that claims against Graham are identical to the claims against him. The record is simply devoid of such evidence. Accordingly, we reject Brooks' equitable estoppel defense and find that the trial court was correct when it denied his motion to compel arbitration or, in the alternative, to stay the proceedings.

# V.

Healthcare Horizons raises the issue of whether Brooks should be required to pay its attorney's fees and expenses for bringing a frivolous appeal. Tenn. Code Ann. § 27-1-122 (2000) provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This statute "reflect[s] the view that successful parties should not have to bear the costs and vexation of baseless appeals." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010) (citing *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n.4 (Tenn. 2004); *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). Nevertheless, "care must be taken by the courts to avoid discouraging legitimate appeals." *Henderson*, 318 S.W.3d at 342. "Consequently, imposing a penalty for a frivolous appeal is a remedy which is to be used *only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable – which is rare.*" *Id.* (citing *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935. 938-39 (Tenn. 1992); *Davis*, 546 S.W.2d at 586)) (emphasis added). Mindful of such authority stressing the need for obvious frivolity, we find that this appeal is not so devoid of merit as to warrant its characterization as frivolous. Accordingly, we decline to award Healthcare Horizons attorney's fees and expenses.

# VI.

The trial court's denial of Brooks' motion to compel arbitration or, in the alternative, to stay the proceedings is affirmed. Costs on appeal are assessed to the appellant, James Guy Brooks. This case is remanded for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE

7