IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 26, 2010 Session

## MARLA DEAN EVANS v. JOHNNY HOWARD EVANS

**Appeal from the Circuit Court for Franklin County**
**No. 17199-CV     Thomas W. Graham, Judge**

_____

**No. M2010-00079-COA-R3-CV - Filed September 22, 2010**

_____

Counsel for plaintiff in damage suit appeals award of sanctions imposed pursuant to Tenn. R. Civ. P. 11 against her. Finding that the trial court did not abuse its discretion the award is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M.S., and ANDY D. BENNETT, J., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Cynthia A. Cheatham.[1]

Roger J. Bean, Tullahoma, Tennessee, for the appellee, Johnny Howard Evans.

### OPINION

## I. BACKGROUND

The facts salient to the disposition of this appeal, the issue presented for review and the standards to be applied on review are largely undisputed. On October 14, 2008, Cynthia Cheatham, a member of the Tennessee bar, signed and filed a complaint in the Circuit Court for Franklin County on behalf of Ms. Marla Dean Evans against Ms. Evans' former husband, Johnny Howard Evans. In the complaint, Ms. Evans sought to recover monetary damages for Mr. Evans' alleged negligence in infecting her with two sexually transmitted diseases and for assault. The complaint alleged that Mr. Evans had infected Ms. Evans with the diseases during the marriage, requiring continuing medical care; that Mr. Evans physically assaulted

_____

[1] Cynthia Cheatham, who represented the Plaintiff in the original action, Marla Dean Evans, is the Appellant in this appeal.

her on February 20, 2007, causing various personal injuries; and that the parties had separated in February 2007. Of particular importance to the issues in this appeal are the allegations at paragraphs eight and nine of the complaint, which read as follows:

> 8. Mrs. Evans further avers that, for example, Defendant engaged in domestic violence, that constitutes assault and battery soon after Defendant filed for divorce, on or about February 20, 2007, she was assaulted by the Defendant, causing injury to her back, breaking the skin on her lip and causing swelling to her lip and face. Because of the assault, she sought medical treatment and incurred expenses for the treatment. Defendant frequently threatened Ms. Evans throughout the marriage with great bodily harm and/or death. Additionally, Defendant continues to threaten and terrorize Mrs. Evans and uses finances to intimidate her.
> 9. The medical expenses as well as Mrs. Evans [sic] pain and suffering were directly and proximately caused by the assault on her by the Defendant.

On November 13, 2008, Mr. Evans filed an answer to the complaint along with a motion for partial judgment on the pleadings, which sought dismissal of paragraphs eight and nine of the complaint on the ground that the cause of action for assault was barred by the statute of limitations at Tenn. Code Ann. § 28-3-104. Mr. Evans' counsel's cover letter sending Ms. Cheatham service copies of these pleadings included the following language:

> It is apparent on the face of the Complaint that all the allegations contained in this Complaint are barred by the Statute of Limitations. This includes not only the allegations of the assault, but also the allegations with regard to the STDs. You and I both know that the parties have been separated for more than a year prior to the filing of the complaint. Please consider this your Notice, pursuant to Rule 11, Tennessee Rules of Civil Procedure, that if you do not dismiss this Complaint within twenty-one (21) days from the date of this letter, we will pursue Rule 11 Sanctions, including costs and attorney's fees in this matter made necessary by your failure to dismiss.

On January 15, 2009, Mr. Evans' counsel filed a document styled "Motion for Rule 11 Sanctions" seeking to have the court sanction Ms. Evans and Ms. Cheatham for failing to dismiss the complaint; the motion also referenced the fact that responses to discovery propounded by Mr. Evans were delinquent and that a motion to compel would be filed. On January 28 Ms. Evans filed a motion to amend the complaint, attaching an amended complaint which eliminated the two paragraphs specifically based on the February 20, 2007, assault. She did not file a separate response to the motion for partial judgment on the pleadings.

A hearing on the motion for partial judgment on the pleadings was apparently held on February 24, with the order granting the motion entered by the clerk on July 30.[2] Separate orders entered on July 30 granted a motion to compel filed by Mr. Evans on January 15[3] and assessed counsel fees of $528.75 against Ms. Evans and granted the motion for Rule 11 sanctions, assessing $573.25 against Ms. Cheatham. By order entered August 27 the court granted Ms. Evans' motion to amend which had been filed on January 29.[4] Ms. Evans thereafter non-suited the action. Ms. Cheatham appeals the award of sanctions against her raising the following question:

> 1) Whether the trial court's award of sanctions pursuant to Tenn. R. Civ. P. 11 constitutes an abuse of discretion.

## II. DISCUSSION

A trial court's ruling on a Rule 11 motion is reviewed under an abuse of discretion standard. *Hooker v. Sundquist*, 107 S.W.3d 532, 535 (Tenn. Ct. App. 2002). An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000). When reviewing under this deferential standard, an appellate court is not permitted to substitute its own judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Appellate courts review a trial court's findings of fact with a presumption of correctness. Tenn. R. App. P. 13(d).

In its order awarding sanctions, the trial court held that Ms. Cheatham's action in asserting a claim in the complaint which was on its face barred by the statute of limitations violated Tenn. R. Civ. P. 11.02, a holding which she asserts was error in several respects. First, relying on *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991), Ms. Cheatham contends that Rule 11 does not impose a continuing obligation to review and reevaluate documents and to take corrective action if it is discovered after a document has been signed that the pleading is factually or legally meritless; in short, she argues that the determination of compliance with Rule 11 is made as of the time the document is signed and revisions are not required. Second, she contends that the reasonableness of her conduct in filing the complaint should be assessed as of the time she signed it; as a consequence, her actions were not sanctionable because the statute of limitations defense had not been raised at the time she signed the

---

[2] The order, as well as other orders entered on July 30, recite a hearing date of February 24.

[3] This motion is not a part of the record of this appeal.

[4] This order also recites a hearing date of February 24.

complaint and, because the defendant might waive the defense of the statute of limitations, she could reasonably include time-barred allegations in the complaint. We discuss each contention in turn.

## A. Continuing Obligation

Ms. Cheatham's reliance on *Andrews v. Bible* is misplaced. That case, decided in 1991, concerned the interpretation and application of Tenn. R. Civ. P. 11, as then worded, a provision of which required an attorney or self-represented party to perform a pre-filing investigation in order to certify, by signing the document, that the pleading was supported factually and legally and was not interposed for an improper purpose. A primary issue before the court was whether there was a continuing obligation under Rule 11 to review and evaluate documents which had been previously signed and submitted. After reviewing numerous cases from federal courts interpreting the comparable federal Rule 11, the Supreme Court concluded that there "are no continuing obligations imposed by Tennessee's version of Rule 11." *Andrews*, 812 S.W.2d at 291.

Our Rule 11 was substantially amended in 1995. Of particular importance to the case at hand, the following language was added as Rule 11.02:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on a lack of information or belief.

Tenn. R. Civ. P. 11.02.

This amendment expanded the obligations under the Rule to include "signing, filing, submitting, or later advocating," thus imposing a continuing obligation on the part of counsel and self-represented parties to verify the factual and legal basis of presentations made to the court, in writing or orally. Consequently, Ms. Cheatham had a continuing obligation to affirm that the claims continued to be warranted by the law and facts and that she, as signer of the complaint, was not pursuing claims for an improper purpose.

## B. Waiver of Affirmative Defense of Statute of Limitations

Ms. Cheatham correctly notes that the running of the statute of limitations on a claim is an affirmative defense which must be pled in an answer to a complaint. Tenn. R. Civ. P. 8.03. As such, if it is not raised in the answer it is waived. *Sawner v. M.P. Smith Const. Co.*, 526 S.W.2d 492, 497 (Tenn. Ct. App. 1975). Consequently, the trial court's ruling that the mere assertion of the claim in the complaint was a violation of Rule 11 was error since, at the time the complaint was filed, the claim was not barred. The fact that her action in including paragraphs eight and nine in the original complaint was permissible at the outset, however, does not resolve the question of whether her conduct was reasonable and consistent with the letter and spirit of Rule 11 and her professional responsibilities as the case progressed. Inherent in the obligations of Rule 11 is the requirement that counsel continuously affirm, in light of information which becomes known as the case progresses, that a claim has a reasonable basis in law and fact and is not being pursued for an improper purpose and, concomitantly, that a clearly meritless claim, such as one barred by the statute of limitations on its face, is not being pursued.

The affirmative defense of the statute of limitations, which Ms. Cheatham acknowledges in her brief to be a valid defense, was first raised when the answer and motion for judgment on the pleadings were filed on November 12, 2008. Consistent with the continuing obligation imposed on Ms. Cheatham by Rule 11, therefore, the question of whether her conduct violated Rule 11 is determined on the basis of actions taken after the defense was raised.

As noted above, we review the trial court's ruling under an abuse of discretion standard and do not substitute our judgment for that of the trial court. Applying that standard to the facts before us, we find no abuse of discretion in the trial court's decision to award sanctions. Ms. Cheatham's failure to respond to the motion for partial judgment on the pleadings, to seek an agreed order allowing the amendment or, failing that, to get an earlier hearing on her motion to amend the complaint, caused unnecessary delay in the resolution of the case. Having been put on notice of the statute of limitations defense in the answer and motion for partial judgment on the pleadings, as well as being advised in the letter from Mr. Evans' counsel that sanctions would be sought if the allegations were not stricken, Ms.

Cheatham had an obligation to take appropriate action. Her failure to take action in a timely manner not only amounted to tacit advocacy of claims she knew could no longer be sustained but also required Mr. Evans' counsel to expend time in preparation and presentation of the motion for partial judgment on the pleadings as well as the motion for sanctions.

## III. CONCLUSION

For the foregoing reasons, the judgment of the Circuit Court is AFFIRMED. The case is remanded to the Circuit Court for Franklin County for enforcement of the judgment and collection of costs rendered therein and for such further proceedings as may be necessary.

_____
RICHARD H. DINKINS, JUDGE